LEWIS, APPELLANT, *v.* VIN DEVERS MERCURY, INC., ET AL., APPELLEES.

(No. 5209—Decided December 28, 1959.)

*Mr. C. Richard Marsh* and *Mr. Patrick Crowley,* for appellant.

*Messrs. Shumaker, Loop & Kendrick, Mr. David A. Katz* and *Mr. Carl V. Bruggeman,* for appellees.

FESS, J. This is an appeal on questions of law from a judgment dismissing the amended petition as to the defendant Ford Motor Company, after sustaining a demurrer thereto.

In his amended petition plaintiff alleges that on October 9, 1957, he purchased from the dealer-defendant a 1957 Mercury, manufactured by the Ford Motor Company. He further alleges:

"Said automobile was sold and delivered to the plaintiff for a valuable consideration for the purpose of providing plaintiff with vehicular transportation and as part of the sale defendants *impliedly* warranted and represented the automobile to be fit and proper for such use. * * * Plaintiff confided [*sic*] in the said warranties of defendants, said warranties being assertions by the defendants that said automobile was in good condition; mechanically was in excellent shape; would give good and proper service; was free from defects in material and workmanship; and was in 'A-1' shape. Plaintiff in reliance on said warranties purchased said automobile, trusting said representations, but said automobile was not then reasonably fit and proper for use for vehicular transportation or did not remain in good operating condition under normal use and service, the same being defective" in certain specified respects. * * * These defects were of such a nature that the plaintiff by a reasonable and practical inspection of said automobile could not discover such defects at the time he purchased said automobile."

Recovery of damages in the sum of $978.56 is sought.

In his original petition plaintiff alleged that the defendants "impliedly warranted and represented the automobile to be fit and proper." Thereafter, Ford filed its demurrer and the dealer filed a motion to make the petition definite and certain (1) by stating the exact nature of the representations made to plaintiff by the defendant at the time of the sale, and (2) by stating whether the warranty alleged to have been breached was express or implied. The dealer's motion was granted and plain-

tiff then filed his amended petition containing the above allegations. In his amended petition, plaintiff could have inserted the word "expressly" in lieu of the word "impliedly," but in response to the order of the court he elected to use the latter word. Furthermore, in his brief, plaintiff states that the question herein presented is:

"Does plaintiff-appellant have a cause of action for breach of an implied warranty against defendant-appellee Ford Motor Company where there was no privity of contract between them?"

And plaintiff proceeds to argue that the question should be answered in the affirmative, citing as authority therefor *Rogers* v. *Toni Home Permanent Co.* (January 29, 1958), 167 Ohio St., 244, 147 N. E. (2d), 612, in which the opinion reflects doubt of the soundness of the holding of the court in *Wood* v. *General Electric Co.*, 159 Ohio St., 273, 112 N. E. (2d), 8. Plaintiff also relies upon the recent case of *Markovich* v. *McKesson & Robbins, Inc.* (April 2, 1958), 106 Ohio App., 265, 149 N. E. (2d), 181.

Notwithstanding the assertions of counsel for the plaintiff that he is relying upon breach of implied warranty for recovery against the defendant Ford Motor Company, we conclude that under the rule of liberal construction of pleadings in favor of the pleader the petition states a cause of action against the dealer for breach of express and also implied warranty, and against the Ford Motor Company for breach of an express warranty. Therefore, we are not required, at this stage of the proceedings, to determine whether the plaintiff can recover against the Ford Motor Company for breach of an implied warranty.

The judgment of the Court of Common Pleas is reversed and the cause is remanded thereto with directions to overrule the demurrer and for further proceedings according to law.

*Judgment reversed.*

SMITH and DEEDS, JJ., concur.