**KENNEDY, Plaintiff-Appellant, v. GENERAL BEAUTY PRODUCTS, INC., Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24991.   Decided May 5, 1960.

# 136

Paul Mancino, for plaintiff-appellant.
Arter, Hadden, Wykoff & Van Duzer, for defendant-appellee.

## OPINION

By SKEEL, J.

This appeal on questions of law is from a judgment for the defendant entered on the verdict of a jury upon trial in the Court of Common Pleas of Cuyahoga County. The case is one based on an alleged breach of an express warranty in the purchase of a hair dye from William Taylor Son & Co., distributed to the seller by the defendant. In this cause of action there is also some claim that there was a breach of an implied warranty.

The second cause of action is based on alleged negligence in the sale of a product said to be dangerous to the user when used in accordance with the directions.

The assignments of error as set out in plaintiff's brief are not followed in her presentation of her claim which are, in fact, set out as six "Questions Involved." They are as follows:

"Can it be said that the Plaintiff herein had a fair trial in this cause when the record discloses—

"1. That counsel for the plaintiff was denied the right to argue the issues in this case primarily the involvement of the Pure Food and Drug Act of the United States of America;

"2. That the Court permitted interruptions of argument of counsel for the plaintiff on various occasions to the prejudice of the plaintiff;

"3. That the Court permitted hearsay evidence and testimony to be introduced into the record in the way of personal notes of the doctor for the defense, Dr. Sato, over the objections of counsel for the plaintiff;

"4. That the Court excluded evidence offered by the plaintiff;

"5. When the charge of the Court to the jury was confusing and misleading;

"6. And the Court refused to give special instructions requested by the plaintiff."

The first claim is that plaintiff was denied a fair trial by not being permitted to argue a claimed issue involving the United States Pure Food and Drug Act, in her final argument to the jury. The plaintiff opened her final argument by putting on a blackboard (in the presence of the jury) the following statements:

"1. A dye that is involved in this case

"2. Proximate cause

"3. Injury

"4. Federal Food and Drug Act."

Upon objection, plaintiff was directed to erase No. 4 and when he did not do so, the bailiff carried out the order. The plaintiff contends that she was thereby prevented from arguing the necessity or duty claimed to be imposed on the defendant to print a warning on the

bottle as to the use of the product under the requirements of paragraph 361 of the United States Code dealing with adulterated cosmetics.

This law was not pleaded or notice given under the provisions of §2317.45 R. C., so that the court was not in error in advising the plaintiff not to argue the application of any requirements of printing a notice on the bottle of the hair dye if, in fact, there was any evidence to bring the product within the terms of the Federal Law. We likewise find that plaintiff was not otherwise limited in her final argument. Assignments of error Nos. 1 and 2 are, therefore, overruled.

Assignment of error No. 3, dealing with the receiving in evidence of the defendant's doctor's notes, while technically in error, did not prejudice the plaintiff. The plaintiff's examination of this witness was bent on demonstrating to the jury that the defendant's doctor was employed by and reported to an insurance company which purpose was fully accomplished. In the process, the doctor's notes became a very prominent part of his cross-examination considering that the character of the notes is such that they only corroborate the doctor's testimony, and, having in mind the manner in which they were brought to the attention of the jury on cross-examination, we do not find that any error committed in their introduction was prejudicial to the plaintiff's case.

Assignments of error Nos. 4 and 5 are concerned with plaintiff's requested special charge before argument Nos. 2 and 3 and the court's general charge based on the pleadings and the evidence to the effect that the defendant, in the sale of the hair dye, only had a duty to see that the product sold would not be dangerous to a normal person, if and when used in the manner as directed by the instructions. We find that requested instructions Nos. 2 and 3 were not fully complete and were, therefore, properly refused and also that under the evidence in this case, the general charge, when taken as a whole, properly covered the first cause of action on express warranty and the second cause of action dealing with plaintiff's claim of negligence.

The question of whether the plaintiff should have been permitted to claim an implied warranty, as was done in argument, is completely settled by the case of **Wood v. General Electric Co., 159 Oh St 273,** 112 N. E. 2d 8, which was not modified by the case of **Rogers v. Toni Home Permanent Co., 167 Oh St 244,** 147 N. E. 2d 612. The second paragraph of the syllabus of the Woods case is as follows:

"2. Although a subpurchaser of an inherently dangerous article may recover from its manufacturer for negligence, in the making and furnishing of the article, causing harm to the subpurchaser or his property from a latent defect therein, no action may be maintained against a manufacturer for injury, based upon implied warranty of fitness of the article so furnished."

This result was based on the absence of privity. There is no claim in this case of privity between the plaintiff and the defendant (the facts make privity impossible) and until the Wood case is modified, it is our duty to follow the law as there set out. See **Rogers v. Toni Home Permanent Co., 105 Oh Ap 53,** 139 N. E. 2d 871, at page 76.

Assignment of error No. 6, claiming the judgment to be against

**138**

the weight of the evidence, must be overruled. Whether the plaintiff's evidence, attempting to show an express warranty, was sufficient to even make out a jury question, is indeed debatable. This is equally true of the plaintiff's cause of action claiming negligence as a proximate cause of any injuries shown if, in fact, sustained because of any failure of duty to plaintiff on the part of this defendant.

In all events, all justiciable issues were properly submitted to the jury and we are of the opinion that the claim that the judgment is contrary to the weight of the evidence is not well taken. We certify that, upon a careful consideration of the record, substantial justice has been done the party complaining. (Sec. 2309.59 R. C.)

Judgment affirmed.

HURD, PJ, KOVACHY, J, concur.