MILLER, PLAINTIFF-APPELLANT, *v.* CHRYSLER CORPORATION, DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25900. Decided June 21, 1962

318

*Mr. Richard C. Green,* for plaintiff-appellant.
*Messrs. Squire, Sanders & Dempsey,* for defendant-appellee.

(BROWN, P. J., and COLLIER, J, of the Fourth District, and DONAHUE, J., of the Seventh District, sitting by designation in the Eighth District.)

COLLIER, J.  Plaintiff-appellant, herein referred to as plaintiff, brought this action in the Common Pleas Court of Cuyahoga County against the Chrysler Corporation, defendant-

appellee, designated herein as defendant, to recover for personal injuries alleged to have been sustained by plaintiff on February 10, 1956, when, as an employee of the Keal Driveaway Company he was driving a truck which had been manufactured by the defendant. Plaintiff sets forth two causes of action, the first of which was predicated on negligence and the second of which was predicated on implied warranty.

The trial court dismissed the action upon plaintiff's failure to plead further after the court had sustained a motion requiring the plaintiff to allege facts in his second cause of action showing privity of contract between the plaintiff and defendant. From this judgment the plaintiff has appealed on questions of law to this court.

The facts alleged in the second amended petition are that on February 10, 1956, the plaintiff was employed as a truck driver by the Keal Driveaway Company and while delivering a new truck which had been manufactured by the defendant, the brakes on said truck suddenly locked causing the truck to leave the highway and overturn, thereby resulting in the injuries complained of by the plaintiff.

The single question of law presented in this appeal is whether an allegation showing privity of contract between the plaintiff and defendant is necessary in order to predicate a cause of action against the defendant on an implied warranty, as attempted in plaintiff's second cause of action herein. In his oral argument and brief the plaintiff contends that such an averment is not necessary and in support of his argument claims by reason of the historical origin of such action, it is not contractural in character but an action in tort. Authorities from other jurisdictions are cited supporting this position.

However, in Ohio a different rule prevails and, in the absence of privity between the plaintiff and defendant, an action predicated on the theory of implied warranty cannot be maintained. *Wood* v. *General Electric Co.*, 159 Ohio St., 273, 112 N. E. (2d), 8; *Rodgers* v. *Toni Home Permanent Co.*, 167 Ohio St., 244, 147 N. E. (2d), 612; *Kennedy* v. *Beauty Products, Inc.*, 112 Ohio App., 505, 167 N. E. (2d), 116. If a different rule should be adopted in Ohio, the Supreme Court of Ohio is the proper tribunal to make such change. Under the rule of stare

decisis this court is bound by the decisions of the Supreme Court. 14 Ohio Jurisprudence (2), 653, Section 224.

Since the submission of this cause to this court, a supplemental assignment of error has been filed by the plaintiff claiming that the trial court erred in dismissing plaintiff's entire petition and rendering judgment for the defendant. A preliminary or interlocutory order is not reviewable on appeal on questions of law. However, where separate and distinct causes of action were properly joined, an order affecting only one cause of action is not an interlocutory order. In the case at bar the first cause of action was in no manner affected by the order striking from the second amended petition the second cause of action and should have been retained for further action when the second cause of action was dismissed. It was error to dismiss the entire action when the order pertained only to the second cause of action. 2 Ohio Jurisprudence (2d), 598, Section 32. The judgment is affirmed in part and reversed in part and remanded to the Common Pleas Court for further proceedings according to law on the first cause of action pleaded in the second amended petition.

Judgment reversed in part and affirmed in part and remanded to the Common Pleas Court.

BROWN, P. J., and DONAHUE, J., concur.