Albert TOMLE, Plaintiff,

v.

NEW YORK CENTRAL RAILROAD, a Corporation, Defendant,
and
Pontiac Division, General Motors Corporation, a Corporation, New Party Defendant.

Civ. A. No. C 63-66.

United States District Court
N. D. Ohio, E. D.

Sept. 21, 1964.

Roemisch & Wright, Cleveland, Ohio, for plaintiff.

John F. Dolan and F. M. Apicella, Cleveland, Ohio, for New York Central Railroad.

Johnson, Weston, Blackmore, Cory & Hurd, Cleveland, Ohio, Beverly Schneider, Cleveland, Ohio, of counsel, for Pontiac Motor Division.

GREEN, District Judge.

This action was commenced on January 8, 1963, in the Common Pleas Court of Cuyahoga County, Ohio, against the New York Central Railroad Company. It was thereafter removed to this court by the said defendant.

In the original complaint plaintiff alleged negligence on the part of New York Central in the construction and maintenance of a certain grade crossing, as a consequence of which he sustained personal injuries. The basic facts pled by plaintiff were that on or about October 29, 1961, he was a passenger in a car traversing the said crossing; that as the car passed over the crossing the under side of the vehicle came into contact with the tracks, ripping the motor from its mounts; that plaintiff was thrown about in the car and suffered certain injuries as alleged in the complaint. It was alleged that the negligence of the New York Central was the proximate cause of plaintiff's injuries.

On June 28, 1963, pursuant to an order of court granting a motion to strike by defendant, plaintiff filed an amended complaint against the New York Central.

On May 1, 1964 a second amended complaint was filed by plaintiff, wherein Pontiac Motors Division, General Motors Corporation, was joined as a new party defendant.

In plaintiff's second cause of action it is alleged that in 1961 defendant Pontiac, through its agents and dealers, sold to plaintiff's wife, who was the driver at the time of the accident, a 1961 Tempest automobile, being the car involved in the accident. It is further alleged that defendant Pontiac was negligent in the design of the said car, and that such negligence was a proximate cause of the accident which produced plaintiff's injuries.

In plaintiff's third cause of action it is alleged that Pontiac "breached its implied warranty to plaintiff" that the 1961 Tempest was marketable and fit for the purpose for which it was intended.

Defendant Pontiac has filed a motion to dismiss the second and third causes of action. It is asserted that:

1) the second and third causes of action were not brought within the period of time allowed by the applicable statute of limitations;

2) the third cause of action fails to state a claim upon which relief can be granted, in that there is no privity of contract between plaintiff and defendant.

As to plaintiff's second cause of action, it is quite clear that the motion to dismiss is well taken. The claim for relief asserted therein is to recover for

personal injuries sustained on or about October 29, 1961 as a consequence of defendant Pontiac's negligence. Pontiac was not made a party to this action until May 1, 1964.

The law of Ohio is controlling in this action, in that the accident complained of occurred in Ohio. Section 2305.10, Ohio Revised Code, provides:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

This two-and-a-half-year-old claim for personal injuries based upon the defendant Pontiac's alleged negigence is barred by the plain language of the above statute.

Turning now to the third cause of action, the Court believes that both grounds asserted by defendant in its motion to dismiss are valid.

If it were to be assumed that the complaint stated a claim upon which relief could be granted, it nevertheless would be barred by the two-year statute of limitations governing actions to recover for personal injuries, O.R.C. § 2305.10.

■ Plaintiff argues that he is entitled to the benefit of a six-year statute of limitations, provided for in § 2305.07 of the Ohio Revised Code. That statute reads:

"An action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued." [1]

It is plaintiff's contention that a claim based upon breach of warranty is a claim upon an implied contract, and the six-year statute controls.

■ In Andrianos v. Community Traction Co., 155 Ohio St. 47, 97 N.E.2d 549 (1951) the plaintiff sustained personal injuries while a fare-paying passenger on one of the defendant's buses. The plaintiff therein claimed she was entitled to the benefit of the six-year statute, on the theory of a breach of the implied contract of a common carrier safely to transport a passenger to his destination. The Ohio Supreme Court, in passing on this contention, stated:

"The rule prevailing in by far the larger number of jurisdictions is that where a statute, specific in terms, limits the time within which an action 'for injuries to the person' or 'bodily injury' may be brought, such statute governs all actions the real purpose of which is to recover for an injury to the person, whether based upon contract or tort, and a general statute, limiting the time for bringing an action growing out of a contractual relationship, is without application." p. 50, 97 N.E.2d p. 552.

\* \* \* \* \* \*

"It is plain from a reading of Section 11224–1, General Code [now § 2305.10, Revised Code], that it imposes the two-year period of limitation on the cause of action instead of annexing it to the form of action. That section is not confined to any particular type of injury, nor does it concern itself with the circumstances under which an injury was inflicted. On its face, it clearly covers all actions based on a claim respecting bodily injury.

"Surely, the General Assembly did not intend to create different periods of limitation for the recovery of damages growing out of bodily injury, depending on the form of the action brought. No matter what form is adopted, the essence of the action is the wrongful injury, and that it arose from the breach of an

---

1. This statute is set forth as it read prior to July 1, 1962, when it was amended in conjunction with the adoption of the Uniform Commercial Code in Ohio.

It is this Court's opinion that the controlling statutes are those which were in effect at the time of the injuries complained of. See O.R.C. § 1302.98(D).

express or implied contract is immaterial." p. 51, 97 N.E.2d p. 552.

The Andrianos opinion continues on in language equally forceful and unequivocal to reinforce the Ohio Supreme Court's pronouncement that the two-year statute of limitations applies to *any and all* actions to recover for personal injuries.

In light of the Andrianos decision, plaintiff's contention that he is entitled to the benefit of the six-year statute must be rejected.

None of the Ohio decisions cited by plaintiff wherein a longer period of limitations was applied involved suits to recover for personal injuries. Consequently, the Court cannot consider them as authority on the question under consideration. Insofar as Pullman Co. v. Roos, 9 Ohio App. 309 (1917) expresses a view divergent from that enunciated by the Ohio Supreme Court in Andrianos v. Community Traction Co., supra, it must be considered to have been superseded by the Andrianos decision, although not overruled by name.

The only decision which the Court is aware of that has deviated from the Andrianos standard is Jarmol v. Tas-Tee Catering, Inc., 93 Ohio Law Abst. 413, 193 N.E.2d 157 (Ohio App.1963). In that action the plaintiff sought to recover for an injury received from a piece of glass contained in milk which he had purchased. The court held that Section 2305.07, Revised Code applied, upon the basis that the defendant's liability was one created by statute. The statutes cited in the court's opinion were those dealing with warranties and those making it unlawful to sell adulterated milk. In the course of the opinion the court stated:

> "Negligence in protecting the milk against adulteration *or liability for a breach of implied warranty* in the sale of milk that was not of merchantable quality are not a part of the plaintiff's case. Upon the facts pleaded, liability attaches regardless of due care." p. 416, 193 N.E.2d p. 159. (Emphasis added).

In light of the foregoing statement, this Court believes that the statutory liability to which the Ohio court was directing its attention was that regarding the sale of adulterated milk, rather than the warranty provisions.

A differing view was taken by another Ohio Appellate Court in Levin v. Bourne, 117 Ohio App. 269, 192 N.E.2d 114 (1962). In that action the plaintiff sought recovery against the parents of a minor for personal injuries sustained as a result of the minor's negligent operation of a motor vehicle. By Ohio statute, Section 4507.07, Revised Code, the negligence of the minor is imputed to the adult who has signed the application of the minor for a driver's license. The plaintiff urged that this was a liability created by statute, within the meaning of the six-year limitation period of O.R.C. § 2305.07. The Court held that the decision of Andrianos v. Community Traction Co., 155 Ohio St. 47, 97 N.E.2d 549 (1951) controlled, and applied the two-year statute of limitations.

It is this Court's opinion that the Levin decision is more in accord with the philosophy of the Ohio Supreme Court as stated in the Andrianos case and is more persuasive herein.

It is the Court's conclusion that plaintiff's third cause of action comes under the provisions of O.R.C. § 2305.10, and is therefore barred by limitations.

Defendant Pontiac in its motion to dismiss also alleges that:

> "the third cause of action fails to state a claim upon which relief can be granted, in that there is no privity of contract between plaintiff and defendant."

Plaintiff's third cause of action is one based upon implied warranty. Plaintiff has suggested that under the liberal pleading policy of the Federal Rules of Civil Procedure it might be considered as a claim based upon express warranty as was done in Lewis v. Vin Devers Mercury, Inc., 111 Ohio App. 455, 173 N.E.2d 145 (1959). The Court has carefully re-

viewed the allegations of the third cause of action and finds it totally barren of any reference to representations or assertions made by defendant to plaintiff, which would warrant the interpretation of an avowed implied warranty claim to one under express warranty. It is this pleading deficiency which distinguishes the complaint herein from that in the Lewis case.

■ It is the Court's opinion that privity of contract between plaintiff and defendant is absent in this action. The benefit of Section 1302.31, Ohio Revised Code, which extends implied warranties to members of a buyer's household is not available to plaintiff, for the reason that such code provision was not enacted until July 1, 1962, subsequent to both the sales transaction and the date of the accident herein.

■ Wood v. General Electric Co., 159 Ohio St. 273, 112 N.E.2d 8 (1953), established the following proposition:

> "Although a subpurchaser of an inherently dangerous article may recover from its manufacturer for negligence, in the making and furnishing of the article, causing harm to the subpurchaser or his property from a latent defect therein, no action may be maintained against a manufacturer for injury, based upon implied warranty of fitness of the article so furnished."

Although the Ohio Supreme Court has once indicated that it might reconsider the above proposition, Rogers v. Toni Home Permanent Co., 167 Ohio St. 244, 147 N.E.2d 612, 75 A.L.R.2d 103 (1958) and its continuance has once been questioned in a dictum, Markovich v. McKesson & Robbins, Inc., 106 Ohio App. 265, 149 N.E.2d 181 (1958), it is still the prevailing law in Ohio, and has been adhered to whenever the issue was squarely presented. Yount v. Positive Safety Mfg. Co., 319 F.2d 324 (CA6, 1963); Miller v. Chrysler Corp., 90 Ohio Law Abst. 317, 183 N.E.2d 421 (Ohio App.1962); Kennedy v. General Beauty Products, Inc.,

112 Ohio App. 505, 167 N.E.2d 116 (1960).

■ It is the conclusion of the Court that under the law of Ohio as of the date of the accident, plaintiff's third cause of action fails to state a claim upon which relief can be granted, being predicated upon implied warranty and lacking privity between plaintiff and defendant.

The motion of defendant Pontiac Division, General Motors Corporation, to dismiss plaintiff's second and third causes of action is granted.