SWANKOWSKI, APPELLANT, *v.* DIETHELM, APPELLEE.

(No. 4747—Decided December 7, 1953.)

*Mr. William D. Driscoll* and *Mr. Dave Topper,* for appellant.

*Messrs. Marshall, Melhorn, Bloch & Belt,* for appellee.

CONN, J. The trial court sustained the demurrer of defendant to plaintiff's petition and, plaintiff not desiring to plead further, her petition was dismissed and judgment of dismissal and for costs was entered.

The material allegations in plaintiff's petition disclose that an earlier action had been filed in the Court

of Common Pleas by plaintiff against defendant and that the demurrer of defendant to her petition in that action was sustained and said action dismissed September 9, 1952.

It appears further that within one year from the date of dismissal of the earlier action, plaintiff filed her petition herein and for a cause of action alleged that on March 1, 1943, defendant performed a surgical operation on plaintiff for which professional services he was paid a stipulated amount; that defendant carelessly and negligently permitted a surgical needle, which he had employed in the performance of such operation, to remain in plaintiff's abdomen after the incision had been closed; and that subsequently, on November 30, 1950, said needle was removed by another surgeon.

Plaintiff alleges further that defendant "knowingly, intentionally and fraudulently" failed to remove said needle and knowingly permitted it to remain in the abdomen of plaintiff with intent to deceive plaintiff; that plaintiff relied on defendant to employ proper and accepted means known and employed by the medical and surgical profession in performing said operation and was not advised and did not learn of the alleged negligence of defendant until November 18, 1950; and that plaintiff sustained damages as the direct result of defendant's negligence and deceit.

From the judgment of the Common Pleas Court sustaining the demurrer of defendant and dismissing plaintiff's petition, plaintiff appealed on questions of law and assigns as error that the judgment sustaining the demurrer was contrary to law.

It is admitted that a prior action had been begun against defendant for malpractice and that a demurrer to the petition in that case had been sustained on the ground that the action was barred by the one-year

statute of limitations. (Section 2305.11, Revised Code.)

Where a petition is challenged by a general demurrer, as in the instant case, the issue thus raised is the legal sufficiency to state a *cause of action* against the defendant.

It is contended by plaintiff that the petition sets forth a *right of action* in deceit and that plaintiff is entitled to recover on the ground of fraud. Under the statute of limitations, an action for fraud may be brought within four years after the cause of action accrued, or the fraud is discovered. (Section 2305.09, Revised Code.)

A right of action in deceit, as in torts generally, is grounded on "a primary legal right in plaintiff, a corresponding primary legal duty on defendant to observe that right, and a breach of that duty by defendant," by reason of which plaintiff sustained damage.

In contrast with a right of action as above defined, a cause of action has been defined as comprising "every fact necessary to the right of relief prayed for." (Bouvier's Law Dictionary.) Or as defined in *Tinker* v. *Sauer,* 105 Ohio St., 135, 136 N. E., 854:

"A cause of action is the matter for which an action may be brought, and embraces the facts which it is necessary to establish in order to sustain a claim for judicial relief."

The form or right of action should not be confused with cause of action. They are not interchangeable. 1 Ohio Jurisprudence, 272, Section 2; *McGuire* v. *Corn,* 92 Ohio App., 445, 449, 110 N. E. (2d), 809.

Is the cause of action set up in plaintiff's petition one in deceit or one in malpractice? A correct answer to this question is necessary to precisely determine the issue before us.

When plaintiff obtained the services of defendant as

physician to perform a surgical operation, she had the legal right and was entitled to the exercise of reasonable care, skill and knowledge on the part of defendant as such physician, in the practice of his profession and, coextensive with that right, the defendant owed plaintiff the legal duty to use recognized standards of professional knowledge and skill and also to exercise reasonable care and requisite diligence for the safety and physical well-being of plaintiff, failing in which the defendant was answerable in damages.

Assuming the foregoing is a correct statement of the rights of plaintiff and duties of defendant, would not a violation of duty on the part of defendant, with resulting damages, fall within the definition and meaning of the term "malpractice"? It is our opinion that this question should be answered in the affirmative.

As further bearing on the issue presented, it is pertinent to keep in mind that a general demurrer tests the substance of a pleading and searches its character substantially more than its form. In other words, a demurrer is not concerned with the form of action pleaded, but rather with the substance of the claim asserted and the relief prayed for. 31 Ohio Jurisprudence, 678, Section 118.

In *Gillette* v. *Tucker*, 67 Ohio St., 106, 65 N. E., 865, 93 Am. St. Rep., 639, the court gave recognition to this principle of procedural law and adjudged the issue presented on this basis—the substance and not the form of the action. In the above case, notwithstanding the relationship between a doctor and his patient was contractual, it was held that where the patient brings an action for alleged breach of contract, arising by reason of negligence in its performance, such action is not one on the contract but one for malpractice.

See, also, *Andrianos* v. *Community Traction Co.*,

155 Ohio St., 47, 97 N. E. (2d), 549, where it was held:

"1. A special statutory provision which relates to the specific subject matter involved in litigation is controlling over a general statutory provision which might otherwise be applicable."

In the above action, Andrianos was a fare-paying passenger of defendant and sustained personal injuries by reason of the manner in which the bus was operated. For such breach of contract for safe passage, an action was brought to recover damages more than two years after the plaintiff received his injuries. The trial court sustained the demurrer of defendant on the ground that the two-year limitation was applicable. This court reached the conclusion that the six-year limitation applied. The Supreme Court affirmed the judgment of the Common Pleas Court.

In the opinion of a majority of the court, the petition of plaintiff, when taken by the four corners, sets up a cause of action in malpractice, and the allegations of fraudulent misrepresentation and of intentional concealment of the fact that the needle had been intentionally left in the abdomen of plaintiff do not transmute or change the cause of action from one in malpractice to one in deceit.

The judgment is affirmed and the cause remanded for execution for costs.

*Judgment affirmed.*

Fess, J., concurs.
Deeds, J., dissents.

Fess, J., concurring. The period of limitation within which an action must be commenced is to be determined from the nature of the demand and the ground of action as set forth in the pleadings. *State, ex rel. Lien, Supt.,* v. *House,* 144 Ohio St., 238, 58 N. E. (2d),

675. The limitation is imposed on the cause of action, and the form in which it is brought is immaterial. *Andrianos* v. *Community Traction Co.,* 155 Ohio St., 47, 97 N. E. (2d), 549. The majority rule applies this principle to actions for malpractice. 74 A. L. R., 1256; 151 A. L. R., 1028; *Gillette* v. *Tucker,* 67 Ohio St., 106, 65 N. E., 865, 93 Am. St. Rep., 639. Thus, in determining this appeal, we look to the substance rather than to the form of the action.

A fraudulent concealment by which a plaintiff has been delayed will not enlarge the time for bringing an action under the statute of limitations, nor may the bar of the statute be avoided ordinarily by pleading fraudulent concealment. *Fee's Admr.* v. *Fee,* 10 Ohio, 469; *Marblehead Bank Co.* v. *Raridon,* 4 Ohio App., 468; *Howk* v. *Minnick,* 19 Ohio St., 462, 2 Am. Rep., 413; *Minster Loan & Savings Co.* v. *Laufersweiler,* 67 Ohio App., 375, 36 N. E. (2d), 895; *Tulloch* v. *Haselo,* 218 App. Div., 313, 218 N. Y. Supp., 139.

The alleged failure of the defendant to disclose to plaintiff his negligent conduct in itself involved a breach of duty constituting malpractice. Plaintiff's cause of action is therefore barred by Section 11225, General Code.

DEEDS, J., dissenting. I do not concur in the judgment of the majority of the court in this case.

The judgment in the Court of Common Pleas was entered on the ruling of that court on a general demurrer to the petition of the plaintiff, consequently the question to be determined is whether the petition contained sufficient well-pleaded facts to constitute a cause of action.

The action was commenced July 11, 1953, pursuant to Section 11224, General Code (now Section 2305.09, Revised Code), which is as follows:

"An action for either of the following cases, shall be brought within four years after the cause thereof accrued:

"1. For trespassing upon real property;

"2. For the recovery of personal property, or for taking or detaining it;

"3. For relief on the ground of fraud;

"4. For an injury to the rights of the plaintiff not arising on contract nor hereinafter enumerated.

"If the action be for trespassing underground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it be for fraud, until the fraud is discovered."

It is important to keep in mind that the action is based on fraud and deceit and arose not at the time of the alleged negligent performance of the surgical operation by the defendant, but on the date of the discovery of the fraud and concealment as provided in the foregoing statute that the right of action shall not accrue "if it be for fraud, until the fraud is discovered" and "shall be brought within four years after the cause thereof accrued."

The pertinent allegations of the petition, in substance, are that the defendant is a physician and surgeon and that prior to March 21, 1943, plaintiff as a patient was treated by the defendant in reference to an internal disorder; that plaintiff's condition was diagnosed by the defendant as tumor of the bladder, requiring a surgical operation; that on March 21, 1943, while plaintiff was under an anaesthetic, the defendant performed an operation for the purpose of removing the tumor; that defendant knowingly left a surgical needle in plaintiff's abdomen and with knowledge of the presence of the needle in plaintiff's abdomen closed the incision by sewing, without informing

plaintiff of the presence of the needle in her abdomen; and that "thereafter, while plaintiff still continued under defendant's care, and while the relationship of doctor and patient continued, defendant beguiled plaintiff to believe that the doctor-patient relationship between plaintiff and defendant would continue indefinitely with respect to the aforesaid surgery in that defendant advised plaintiff to return to him if at any time she felt any ill effects resulting from the surgery, although defendant knew that plaintiff would so suffer and that he had not removed his surgical needle which he had sewn in her abdomen within the field of operation prior to the closing of said incision."

Plaintiff alleged further that she did not learn of the presence of the needle in her abdomen until November 18, 1950; that after learning of the presence of the needle in her abdomen she requested the defendant to treat her concerning same but the defendant refused and neglected to render plaintiff any further service; and that thereafter plaintiff underwent another surgical operation performed by another surgeon on November 30, 1950, for the purpose of removing the surgical needle.

There are many other statements and allegations contained in the petition relating to knowledge on the part of the defendant, deceit and fraud on account of his relationship as physician to the plaintiff, and allegations in reference to damage, unnecessary to be stated here.

The gist of the action is fraud and deceit on the part of the defendant, thereby depriving plaintiff of her alleged right of action for malpractice. The rules of law controlling a decision on demurrer to the petition have been stated clearly in decisions by the Supreme Court of the state: *State* v. *Ford Motor Co.,* 114 Ohio St., 221, 151 N. E., 171; *Humphries* v. *Wheel-*

*ing Steel Corp.*, 132 Ohio St., 263, 7 N. E. (2d), 230; *Gugle* v. *Loeser,* 143 Ohio St., 362, 55 N. E. (2d), 580.

So far as I have been able to determine, there has been no decision by an appellate court or our Supreme Court involving an analogous state of facts, or where the principal question involved the charge of fraud and deceit practiced by a physician upon a patient for the purpose of taking advantage of the statute, limiting the time within which actions for malpractice may be commenced.

The demurrer to the petition presented the question as to whether the petition contained facts sufficient to charge fraud or deceit on the part of the defendant.

If the answer to that question should be in the affirmative, then it follows under the established rules of law applicable that the demurrer should have been overruled.

It is undisputed that plaintiff did not learn of the presence of the needle in her abdomen until November 18, 1950; that defendant knew that he had carelessly lost a needle in plaintiff's abdomen; that defendant knowingly left the needle in her abdomen; that following the operation the defendant advised plaintiff to return to him if she experienced any difficulty resulting from the operation; that she did return to defendant after discovering the presence of the needle; and that defendant refused to treat plaintiff at that time.

In my view of the record before us, the cases of *Gillette* v. *Tucker,* 67 Ohio St., 106, 65 N. E., 865, 93 Am. St. Rep., 639; *McArthur* v. *Bowers,* 72 Ohio St., 656, 76 N. E., 1128; *Bowers* v. *Santee,* 99 Ohio St., 361, 124 N. E., 238; *Amstutz* v. *King,* 103 Ohio St., 674, 135 N. E., 973, and the recent case decided by the Supreme Court of this state, *DeLong* v. *Campbell, Exrx.,* 157 Ohio St., 22, 104 N. E. (2d), 177, are not controlling in

a decision in the case before us for the reason that in none of those cases was relief sought on the ground of fraud.

The same may be said concerning the principal case relied upon by counsel for the defendant and the cases cited in the opinion in that case, being: *Pickett* v. *Aglinsky,* 110 F. (2d), 628.

The rule respecting the time at which the statute of limitation for malpractice commences to run has been determined by the Supreme Court in *Bowers* v. *Santee, supra,* approving and following the case of *Gillette* v. *Tucker, supra,* in that regard. Paragraph two of the syllabus is as follows:

"In an action for a breach of the contract in such case, the statute of limitations does not begin to run until the contract relation is terminated. (*Gillette* v. *Tucker,* 67 Ohio St., 106, approved and followed. *McArthur* v. *Bowers,* 72 Ohio St., 656, disapproved.)"

Unquestionably there are allegations in the petition in this case to the effect that the relationship of physician and patient was not terminated until the plaintiff discovered the presence of the needle in her abdomen on November 18, 1950, and that the defendant refused thereafter to treat the plaintiff.

The question whether concealment or misrepresentation amounting to fraud could be proved by the plaintiff is not necessary to be determined here. However, in considering whether the petition is sufficient in that regard, the duty of the defendant as a physician under the circumstances as shown by the allegations in the petition should be taken into consideration.

In 19 Ohio Jurisprudence, 345, Section 35, the duty of one in a fiduciary relation is defined:

"Where confidential relations exist in general. Where parties dealing directly stand toward each

other in a fiduciary or quasi-fiduciary relation, the obligation not only to abstain from false suggestions, but to make full disclosure, is imperative. One standing in a confidential relation who conceals or fails to make a full disclosure of facts within his knowledge, knowing the other party to be ignorant of those facts, is guilty of fraud, both in law and equity. The relationship of confidence and trust, whereunder it becomes the duty of one party not to conceal fraudulently or misrepresent the true facts of the situation is not confined to those well-known relations of trustee and beneficiary, guardian and ward, and attorney and client. It applies to every case where influence is acquired and abused and where confidence is reposed and betrayed. The duty rests upon parties in the relationship of trustee and cestui que trust, guardian and ward, attorney and client, and such like because the court presumes confidence put and influence exerted. In all other cases where these relations do not exist, the confidence and influence must be extrinsically proved; but once so proved, the rules of reason and common sense and the rules of equity are just as applicable in one case as in the other.''

Concerning the question of concealment generally, as supplying the place of an actual false statement, it is stated in 19 Ohio Jurisprudence, 339, Section 29, as follows:

''Concealment in general. Concealment or suppression of the truth may supply the place of an actual false statement and be the equivalent of a false representation. It seems obvious enough that the nondisclosure of a material fact with the object of inducing one to act in a way different from the way he would have acted had he known the truth is a representation that that which is actually true does not exist. And it has been held in Ohio that allowing a party to pro-

ceed upon an erroneous belief contributed to by one's acts is active concealment, equivalent to misrepresentation. A false impression may be produced by the concealment or nondisclosure of facts which there is a duty under the circumstances to disclose.

"Accordingly, inasmuch as fraud may be committed by the suppression of the truth as well as by the suggestion of falsehood, suppression or concealment of a material fact is fraud."

The distinction applicable here, where the plaintiff charges fraud in addition to her lack of knowledge concerning the action of the defendant and the presence of the needle in her abdomen, in reference to the bearing of such fraud upon the running of the statute of limitations, was recognized by the Supreme Court in *State, ex rel. Watson, Atty. Genl.,* v. *Standard Oil Co.,* 49 Ohio St., 137, 30 N. E., 279, 34 Am. St. Rep., 541, 15 L. R. A., 145, where, in the opinion of the court, page 188, it is stated as follows:

"It is further contended that the provision does not apply by reason of the fact, as averred in the petition, 'that the plaintiff had no knowledge of the existence of either of the aforesaid agreements, or of the acts hereinbefore recited, until the latter part of the year 1889.' The general rule is that a party's want of knowledge does not prevent the running of the statute of limitations against an action that has accrued in his favor; and the only exception is concealment or fraud on the part of the defendant, which is expressly confined by our statute to 'an action for relief on the ground of fraud.' Section 4982, Revised Statutes. This is not such an action; and fraud in fact is not averred, it is simply want of knowledge on the part of the plaintiff."

It seems to me in harmony with the foregoing statement of the Supreme Court to be inconceivable that fraud, if proved as alleged, would not effectually toll the running of the statute of limitations in this case.

Especially must it be true that fraud may be shown as an effective bar to the running of the statute of limitations in malpractice, since no exception appears in the provision contained in Section 2305.09, Revised Code, *supra*, and that provision relates specifically and exclusively to the time limitation applicable in actions involving fraud, although our Supreme Court has not determined the specific question involved in this case.