LEVIN, APPELLANT, *v.* BOURNE ET AL., APPELLEES.*

(No. 5232—Decided July 18, 1962.)

*Mr. Richard Sternberg*, for appellant.
*Messrs. Wise, Roetzel, Maxon, Kelly & Andress*, for appellees.

HUNSICKER, J.  In this appeal on questions of law, Alfred Levin, the appellant, seeks to reverse a judgment, entered on a demurrer, which dismissed his petition for damages brought against Mr. and Mrs. Bourne.

Alfred Levin alleged that on or about June 7, 1961, he recovered a judgment against David Francis Bourne, the minor son of the appellees, Mr. and Mrs. Bourne, in the amount of $17,000.  The judgment was based upon an action for damages for personal injuries received on June 26, 1959, by reason of the negligence of David Francis Bourne while operating an automobile on the public highway.  Mr. Levin further said that

---

*Motion to certify the record overruled (37844), February 27, 1963.

Mr. and Mrs. Bourne signed the application of their minor son, David Francis Bourne, for his automobile operator's license, and that by reason thereof an automobile operator's license was issued to David Francis Bourne.

Alfred Levin also said that a part of the judgment against David Francis Bourne had been paid, but that there remained a balance due thereon of $6,835, for which amount he sought judgment against the parents of David Francis Bourne; the claim against the parents, Mr. and Mrs. Bourne, being based upon the conditions set out in Section 4507.07, Revised Code.

An answer was filed by Francis Bourne denying that he signed his son's application for an operator's license; and, in addition, as a second defense, setting forth that, if any action did exist, it was then barred by the statute of limitations.

Mrs. Lillian Bourne, the mother of David Francis Bourne, filed a demurrer "on the ground and for the reason that it appears from the face of the petition that the cause of action alleged therein arose more than two years prior to the date of the filing of said petition."

The Common Pleas Court sustained the demurrer, and the appellant, Alfred Levin, electing to treat his petition as being dismissed under the order of the trial court, perfected his appeal to this court on questions of law.

The decisive question is as to which statute of limitations applies to the action filed by Mr. Levin. Generally, no action exists against parents for the tortious acts of their children, unless such acts are done under the control of the parents, or the parents are guilty of acts of negligence in the premises, or the child is acting as the agent or employee of the parents. *Elms* v. *Flick*, 100 Ohio St., 186; *Joseph, an Infant,* v. *Peterson,* 108 Ohio App., 519, 522.

Liability of the parents in the case of injuries inflicted upon another by the negligence or willful misconduct of a minor child under 18 years of age when driving a motor vehicle, is established in the state of Ohio by statute; Section 4507.07, Revised Code. Even in such statutory liability, the duty to respond in damages falls only upon that parent, or other person, who has signed the application which the minor files to secure the permission to operate a motor vehicle upon a highway.

The pertinent part of Section 4507.07, Revised Code, says:
"'* * * *

"Any negligence or willful misconduct of a minor under eighteen when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct."

Alfred Levin filed his action against Mr. and Mrs. Bourne, based on the above statute, on November 15, 1961. The automobile accident which David Francis Bourne caused Mr. Levin to suffer occurred on June 26, 1959. Thus is posed for our determination the question as to which statute of limitations applies herein.

Section 2305.07, Revised Code, which, before the recent amendment, applied herein, said:

"An action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

And Section 2305.10, Revised Code, says:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

Both of these statutes are found in "Title XXIII, Chapter 2305: Jurisdiction; Limitation of Actions." In each section the statute begins with the phrase "An action." The word "action" in Section 11224-1, General Code, now Section 2305.10, Revised Code, was said, in *Andrianos* v. *Community Traction Co.*, 155 Ohio St., 47, at page 51, to refer to the nature or subject matter of the occurrence, and not to the form of the remedy.

The subject matter upon which an action may be brought, as referred to in Section 4507.07, Revised Code, is "any negligence or willful misconduct" of a minor under eighteen while driving a motor vehicle, whose license application has been signed by another. The negligence or willful misconduct is then imputed to the one who signed the application.

The synonym for "impute," as shown by Webster's Third New International Dictionary, is "ascribe." Thus the responsibility for the actions of the minor is attributed to the adult. The adult then becomes liable, either jointly with the minor, or he may be sued solely.

Since, under the doctrine of the *Andrianos* v. *Community*

*Traction Co. case, supra,* the term "action," referred to in the statutes of limitations, has reference to the wrong committed, rather than the remedy to redress such wrong, the "cause of action" in the instant case is the negligence of the minor, David Francis Bourne.

In *State, ex rel. Hawley,* v. *Industrial Commission of Ohio,* 137 Ohio St., 332, at p. 335, the court said:

"A 'cause of action' arises out of the right and the wrong on which the action is based. It is 'the fact or combination of facts which gives rise to a right of action, the existence of which affords a party a right to judicial interference in his behalf.' *Baltimore & Ohio Rd. Co.* v. *Larwill,* 83 Ohio St., 108, 115, 93 N. E., 619, 34 L. R. A. (N. S.), 1195. See, also, *Van Camp* v. *McCulley, Trustee,* 89 Ohio St., 1, 6, 104 N. E., 1004; *Tinker* v. *Sauer,* 105 Ohio St., 135, 143, 136 N. E., 854; *Rowe* v. *Richards,* 35 S. D., 201, 151 N. W., 1001, L. R. A. 1915E, 1075."

In *Swankowski* v. *Diethelm,* 98 Ohio App., 271, the court said, at page 273: "The form or right of action should not be confused with cause of action. They are not interchangeable." This position as to the true meaning of "cause of action" is made manifest by the case of *Rush* v. *City of Maple Heights,* 167 Ohio St., 221, which said:

"Where a person suffers both personal injuries and property damage as a result of the same wrongful act, only a single cause of action arises, the different injuries occasioned thereby being separate items of damage from such act. * * *"

The cause of action in the instant case was the negligence of David Francis Bourne, whereby Alfred Levin received personal injuries that he could redress by suing David Francis Bourne, or the parent who signed his application for an automobile operator's license; or Alfred Levin could have sought redress by suing both David and his parent. This remedy which permitted suit against the parent only, or the parent and the child, was provided by Section 4507.07, Revised Code.

The statute does not establish the cause of action, but it does provide a way to hold liable a parent for the tortious conduct and willful acts of his child. An analogy herein may be found in the *Andrianos* v. *Community Traction Co. case, supra,* and in the case of *Swankowski* v. *Diethelm, supra.* See, also, *Farbach Chemical Co.* v. *Commercial Chemical Co.,* 101 Ohio App., 209.

We therefore determine that the cause of action for which Alfred Levin sought redress by his action herein, was the negligent act of David Francis Bourne, which negligence, by statute, was ascribed to the parent signing the minor's automobile operator's license. The statute of limitations for injury to persons or property—two years—is applicable, and hence no right of redress remains in Alfred Levin.

The judgment of the trial court must be affirmed.

*Judgment affirmed.*

STEVENS, P. J., and DOYLE, J., concur.