LEWIS *v.* MARTIN ET AL.

(No. 35810—Decided June 15, 1968.)

Common Pleas Court of Clermont County.

*Messrs. Nichols, Speidel & Nichols,* for plaintiff.
*Mr. James Lothrop,* for defendant.

NICHOLS, J. This matter is for hearing before the court on a demurrer filed by two of the defendants against the amended petition.

The amended petition, in substance, sets out that Donald Martin and Evelyn Martin were the parents and had the custody and control of four minor children between the ages of eight and sixteen years. It is alleged in the petition that the four minor children entered into and broke into an uninhabited dwelling of the plaintiff, and maliciously and without cause, destroyed certain items in the house and damaged the same to the extent of One Thousand Nine Hundred Fifty-three and 40/100ths ($1,953.40) Dollars, and asks for judgment in that amount.

There is a second cause of action solely against the minors in which they ask exemplary damages against the four minor defendants in the amount of Ten Thousand ($10,000) Dollars. This action is alleged to have occurred in the year 1967, the exact date not given, but it is admitted in the arguments on the demurrer that it was prior to the 24th day of October, 1967.

The demurrer is a general demurrer and filed solely by the parents, and sets out three grounds for the demurrer: one, that the court had no jurisdiction of the subject of the action and that there is a misjoinder of parties defendant, and that the petition does not state facts to show a cause of action against these defendants.

The second and third grounds for the demurrer can be passed on without any great difficulty. Section 2307.17, Revised Code, provides that any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein. This is a very broad section, and inasmuch as the parents of minor children, under certain circumstances are liable for the destructive acts, there should be no question that the parents are proper parties defendant.

This matter is similar to an older section relating to obtaining operator's license for minors under eighteen

years of age, wherein the parents are required under the provision of Section 4507.07, Revised Code, to assume the obligations imposed by law upon the minor operator of a motor vehicle, and while this section specifically states that the signer of such application shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct, the same principle of law would apply in this case, even though it was not specifically pointed out in the section that they are jointly and severally liable.

The third item of the demurrer, that the petition does not state facts to show a cause of action against the defendants, is really based upon the question of whether or not the court has jurisdiction over the subject matter of this action as against these defendants. If the court has jurisdiction of the subject matter, then there are sufficient facts alleged in the petition to show a cause of action against these two defendants.

The basic question is involved upon the interpretation of Section 3109.09, Revised Code, which in its current form, and which became effective on the 24th day of October, 1967, reads as follows:

"3109.09 Liability of parents for acts of destruction committed by their children.

"Any owner of property is entitled to maintain an action to recover actual damages in a civil action in an amount not to exceed eight hundred dollars and costs of suit in a court of competent jurisdiction from the parents, having the custody and control of a minor under the age of eighteen years, who willfully damages property belonging to such owner. A finding of willful destruction of property is not dependent upon a prior finding of delinquency of such minor.

"Such action shall be commenced and heard as in other civil actions for damages."

However, it will be noticed that in this section that the parents are responsible for damages done by their minor children under eighteen years of age over whom they have the custody and control who willfully damaged property

belonging to another. It is conceded that this section was amended effective on that date and that was after the acts complained of in the petition.

The original act was a part of amended substitute House Bill No. 159, which became effective on October 6, 1965, and that act limited the liability of the parents to Two Hundred Fifty ($250.00) Dollars.

Three questions are raised concerning the jurisdiction of the court: (1) whether or not the $800 limitation is retroactive and would apply to acts committed prior to the effective date of that amendment. The court will hold that this section is not retroactive, and the limit of liability for the matters set out in this petition are limited by the provision of the prior section. The jurisdiction of this court, of course, is for matters over $500, and if the parents are limited in their liability to the sum of $250, of course, this court would have no jurisdiction.

The facts, however, state that four children of the parent defendants jointly committed this act and caused actual damages to the property of the plaintiff in the sum of $1,953.40.

The court feels that inasmuch as the wording of the Section 3109.09, Revised Code, is in the singular and states that a party may maintain action against a parent "having the custody and control of *a minor* under the age of eighteen years."

In this case the parents are alleged to have had the custody and control of four minors, all under eighteen years of age, and therefore, the court held that under the obvious meaning of this section, the parents would be responsible to the extent of Two Hundred Fifty ($250.00) Dollars for each of the minor children, and, therefore, the amount of recovery against the two parent defendants could legally be One Thousand ($1,000) Dollars, which is above the statutory minimum of the Court of Common Pleas.

The court will, therefore, rule that it does have juristion and will overrule the demurrer.

There are two other matters that the court must rule

on; namely, that there was not a separate cause of action set up against the parent defendants asking for the sum of One Thousand ($1,000) Dollars. While it might be better pleading to separate the causes of action, this was not done. That was not attacked by motion to separately state, and by the filing of the demurrer, that has been waived. The court, likewise, feels that it can, in its charge to the jury, if the case goes that far, limit the liability of the parents to the sum of One Thousand Dollars ($1,000).

In respect to the second cause of action, in an action for exemplary damages against the four minor children, the court feels that the parents are not responsible for any except the actual damages, and inasmuch as the second cause of action does not seek judgment against them, this, likewise, can be taken care of in the charge and the form of verdict submitted to the jury.

The attorneys for the parent defendants may take exceptions to this ruling of the court.