LIBERTY MUTUAL INSURANCE CO. *v.* DAVIS, A MINOR, ET AL.

(No. 76 CVE 08133—Decided January 3, 1977.)

Akron Municipal Court.

*Mr. Hans U. Stucki,* for plaintiff.
*Mr. Frank E. Steel, Jr.,* for defendant Jeannie Malone.
*Mr. Terrence J. Steel,* for defendant Marjorie Malone.

GEORGE, J.   Pretrial was had on December 3, 1976, and the court has before it for consideration:

(1) A motion to dismiss, filed with the answer of the defendant, Jeannie Malone, under its second defense, for a failure to state a cause of action against Jeannie Malone, under R. C. 3109.09.

(2) A motion for summary judgment filed by the defendant, Jeannie Malone, based upon the reason that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law.

(3) A motion by the defendant, Jeannie Malone, to produce certain documents for inspection and copying.

Further, both the plaintiff and the defendant, Jeannie

Malone, have filed briefs raising questions of law which the court has considered in depth.

The court finds the facts, for the purpose of considering the motions heretofore mentioned, to be that Charles H. Dolfuss had homeowner's insurance coverage through the plaintiff, Liberty Mutual Insurance Co. on his dwelling. That on July 23, 1974, while Dolfuss was out of the state, the minor defendants, Lawrence Davis, Marjorie Malone and Ricky R. Rucker, broke into the Dolfuss dwelling and damaged and removed certain property therefrom. Under Dolfuss' homeowner's policy with Liberty Mutual Insurance Co., the insured was paid $2,028.00 and the insurer as subrogated to the insured's claim against the three minor wrongdoers.

The plaintiff, Liberty Mutual Insurance Co., then brought suit against Lawrence Davis, a minor, and John and/or Jane Doe, parents of Lawrence Davis; Ricky R. Rucker, a minor, and John or Jane Doe, parents of Ricky R. Rucker; and Marjorie Malone, a minor, and Jeannie Malone, parent of Marjorie Malone. Service of the complaint was had only upon Marjorie Malone, a minor, and her mother, Jeannie Malone.

The following questions of law are raised in the briefs and various motions filed by the parties:

I. *Whether the plaintiff, a subrogated insurance company, may maintain an action under R. C. 3109.09, against the parents of a minor wrongdoer?*

The answer to this question is yes. To allow otherwise would defeat the purpose of the statute.

In the case of *General Ins. Co. of America* v. *Faulkner* (1963), 259 N. C. 317, 130 S. E. 2d 645, subrogation was permitted to a claim against a parent liable by a statute, similar to Ohio's R. C. 3109.09, for his child's malicious destruction of property. The basis seems to have been that since juvenile delinquency is attributable to the neglect of a parent and the statutory liability is imposed to encourage continued parental supervision, it would defeat the legislative aim to relieve the defaulting parent because the victim of the child happened to carry insurance.

Subrogation is the substitution of one person in the place of another with reference to a lawful claim or right; the party who is subrogated is regarded as entitled to the same rights, and as constituting one and the same person whom he succeeds.

To hold that the subrogated party cannot maintain the action would allow defendants to receive the benefit of the plaintiff's insurance without having to pay for it. The fact that the property owner, in this case, Charles H. Dolfuss, protected his property by insurance should not result in a detriment to the plaintiff insurance company who paid the loss in full. The granting of subrogations will reach an equitable result; to deny it would accomplish injustice. *General Ins. Co., supra.* Consistent with an unreported case in the Eleventh Appellate District of Ohio, *Travelers Indemnity Co.* v. *Hobart* (1972), Case No. 201, this court approves of the doctrine of subrogations in claims arising under R. C. 3109.09.

Therefore, the plaintiff, Liberty Mutual Insurance Co. may maintain this action under R. C. 3109.09.

II. *Whether one parent of a minor wrongdoer, out of three parents of three minor wrongdoers, can be held solely liable for the damage caused by the three minor wrongdoers?*

The answer must be in the affirmative.

Although an attempt was made by the plaintiff to get service on all three minor wrongdoers and the parents of each, only Marjorie Malone and her mother were actually served.

The statute provides that the victim may maintain an action against the parents of the minor wrongdoer and, of course, there is always the right to seek damages directly from the minor wrongdoer. In such a case the liability is said to be joint and several as between minors, as between parents, and as between minors and parents. The victim may sue one or more of the parties to such liability separately, or all of them together at his option. If service is had only upon one of the parties, that party is liable for all of the damages.

The case of *Lewis* v. *Martin* (1968), 16 Ohio Misc. 18, 240 N. E. 2d 913, holds that the parents who are responsible under R. C. 3109.09, may be joined in the same action with their minor children. Where the children unite in a common willful destruction of property, the minors are jointly and severally liable for the damages, and the parents are jointly and severally liable with said children to the extent of the parent's responsibility under R. C. 3109.09.

So that Jeannie Malone may be held jointly and severally liable up to $2,000 along with Marjorie Malone, and Marjorie Malone may be held liable to $2,028.

III. *Whether the term damages, as used in R. C. 3109.- 09 is intended to include a loss by reason of theft?*

Again the court determines the answer to be in the affirmative.

While the language of R. C. 3109.09 alone is not clear, as to whether it actually encompasses the acts of a minor who steals the property of another, read in *pari materia* with R. C. 1.16 it is so construed.

From the standpoint of the property owner it makes little difference whether the property was merely stolen or physically destroyed. Both circumstances involve willful acts and result in an identical injury to the property owner.

It would seem that a proper interpretation of the word "damages," as used in R. C. 3109.09, would suggest the broadest meaning, to include theft. The legislature under R. C. 3109.10 covered the area of personal injuries and such treatment suggests that property damage is totally covered under R. C. 3109.09.

Further, rules of statutory construction would require that since R. C. 3109.09 uses the word "damages," that term signifies a compensation in money for all the damage caused, which in this action includes theft.

This court has considered the case of *Centennial Ins. Co.* v. *Dukes*, an unreported Garfield Heights Municipal Court case, No. 11520, decided March 3, 1972, and holds contra, by finding that R. C. 3109.09 does apply to a taking or stealing of property.

IV. *Whether the homeowners insurance of the parents,*

*of the minor wrongdoer, is required to defend and/or pay a claim under R. C. 3109.09?*

The answer to this query is yes.

While standard homeowners policies usually provide for an exclusion from such coverage for intentional acts, a judgment against a minor's parents is not based on the parent's intentional act and therefore is not excluded. See *Nationwide Mutual Fire Ins. Co.* v. *Blake,* an unreported Lake County Common Pleas Court case, No. 72 CIV-0221 (1973), affirmed by the Eleventh Appellate District Court of Appeals in Case No. 5-037 (1974), which held that Nationwide was obligated to defend and/or pay the claim asserted against the parents under R. C. 3109.09.

The *Nationwide* case, *supra,* and *Arenson* v. *National Auto. & Cas. Ins. Co.* (1955), 45 Cal. 2d 81, 286 P. 2d 816, espouse the well-established rule of construction that exceptions and exclusions in an insurance policy must be construed strictly against the insurer and liberally in favor of the insured. The intentional acts exclusion does not relieve the insurance company of its obligation to defend and/or pay claims asserted under R. C. 3109.09, against its insured parents.

In view of the foregoing conclusions of law the court accordingly finds:

(1) That the motion of the defendant, Jeannie Malone, to dismiss the complaint for failure to state a cause of action against said defendant is not well taken and the same is hereby denied.

(2) That the motion for summary judgment of the defendant, Jeannie Malone, is without merit and that there is a genuine issue of fact and that the defendant, Jeannie Malone, is not entitled to a judgment as a matter of law.

(3) That the motion to produce certain documents for inspection and copying is granted in part and denied in part. The defendant is entitled to items 2 and 3 set forth in the request for production and is not entitled to items 1 and 4 set forth therein.

*Judgment accordingly.*