RUDNAY, APPELLANT, v. CORBETT ET AL., APPELLEES.

[Cite as Rudnay v. Corbett (1977), 53 Ohio App. 2d 311.]

(No. 35749—Decided September 15, 1977)

*Mr. Michael R. Kube,* for appellant.
*Mr. Thomas Sharratt,* and *Mr. Thomas McIntyre,* for appellees.

PATTON, J.  Plaintiff-appellant, John R. Rudnay, filed suit pursuant to R. C. 3109.09 in the Cleveland Municipal Court on August 10, 1973, to recover for the willful damage to his personal property by the minor children of Shirley Corbett and Charles Holt, respectively. The complaint alleged that in February of 1972, Charles Holt and Lawrence Corbett, both minors under the age of 18, did willfully damage a 1971 Chevrolet Impala owned by and

registered to the appellant Rudnay. Appellant claimed on each count that he suffered compensatory loss in the amount of $2,375, and prayed for judgment in the amount of $2,000, plus costs.

Defendant-appellee Holt answered separately, generally denying the allegations set forth in the complaint and raising the affirmative defense that the action is barred by the statute of limitations. Defendant-appellee Corbett, answering separately, set forth a general denial but did not raise an affirmative defense. Defendants (hereinafter "appellees") orally moved for summary judgment based on the defenses of lack of jurisdiction over the subject matter and the running of the statute of limitations. Subsequent briefs in support of and in opposition to the motion were filed. On October 3, 1975, the trial court overruled appellees' motion for summary judgment. Immediately prior to trial, counsel for appellee Holt again made an oral motion to dismiss the complaint for the reason that this action was barred by the statute of limitations. The trial court reserved ruling on this motion, and the case proceeded to trial. On December 10, 1975, the court, in a written opinion, dismissed appellant's complaint.

The court held that R. C. 3109.09, providing for liability of parents for the destructive acts of their minors, is penal in nature, and thus subject to the one-year statute of limitations as set forth in R. C. 2305.11. From this ruling, appellant appeals and sets forth the following assignment of error:

"The trial court erred in holding that the one year statute of limitations set forth in Ohio Revised Code §2305.-11 applies to a cause of action filed under Ohio Revised Code §3109.09, a statute creating civil liability against the parents of children who willfully damage the property of others."

For the following reasons, we agree with appellant, and, therefore, reverse the ruling of the trial court.

Since appellant did not assign as error the dismissal of the complaint as to appellee Corbett for the reason such party failed to set forth affirmatively the defense of

the statute of limitations, pursuant to Civ. R. 8(C), we do not consider this question.

Appellant's complaint was based on R. C. 3109.09, which provides:

"Any owner of property is entitled to maintain an action *to recover compensatory damages* in a civil action in an amount not to exceed two thousand dollars and costs of suit in a court of competent jurisdiction from the parents having the custody and control of a minor under the age of eighteen years, who willfully damages property belonging to such owner. A finding of willful destruction of property is not dependent upon a prior finding of delinquency of such minor.

"Such action shall be commenced and heard as in other civil actions for damages." (Emphasis supplied.)

The trial court construed this statute to be penal in nature, as opposed to compensatory, and thus controlled by the one-year statute of limitations set forth in R. C. 2305.11 which reads, in pertinent part:

"(A) An action for libel, slander, assault, battery, malicious prosecution, false imprisonment, or malpractice, * * * *or upon a statute for a penalty* or forfeiture, shall be brought within one year after the cause thereof accrued * * *." (Emphasis supplied.)

To the contrary, appellant argues, the two-year statute of limitations set forth in R. C. 2305.10 applies to actions brought under R. C. 3109.09. The limiting statute reads in full:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

The precise question presented here is one of first impression in Ohio.

An action in tort for damage to personal property is governed by the provisions of R. C. 2305.10, which applies to all actions for injury to personal property. *U. S. Fidelity & Guaranty Co.* v. *Truck & Concrete Equip. Co.* (1970), 21 Ohio St. 2d 244. *See also Andrianos* v. *Community Traction Co.* (1951), 155 Ohio St. 47; *Levin* v.

*Bourne* (1962), 117 Ohio App. 269. The phrase "an action," as set forth in R. C. 2305.10, refers to the cause of action, and thus has reference to the wrong committed rather than the remedy to redress such wrong. *Andrianos* v. *Community Traction Co., supra; Levin* v. *Bourne, supra.*

The cause of action, in the instant case, upon which an action may be brought is the willful damage of the property of another by a minor under the age of 18 and in the custody and control of his or her parents. R. C. 3109.-09 does not establish the cause of action, but rather extends liability to the parent or parents for the tortious conduct of the minor child. Since the parents' liability is statutorily limited rather than providing actual compensatory damages, regardless of amount, the inquiry does not end here.

We must secondly determine whether the legislature intended R. C. 3109.09 to be compensatory in nature, or punitive in nature. This can best be determined by reviewing the language and legislative history of R. C. 3109.-09.[1] The original act became effective October 6, 1965, and limited the liability of the parents to $250. The act was amended, effective October 24, 1967, to increase the maximum liability to $800. *See Lewis* v. *Martin* (1968), 16 Ohio Misc. 18. The third and most recent amendment, effective September 15, 1969, increased the parents' liability to the present maximum allowance of $2,000. Additionally, the act was amended to delete the words "actual damages" and substitute in their place the words "compensatory damages." The section now reads in part: "Any owner of property is entitled to maintain an action to recover *compensatory damages* in a civil action." (Emphasis supplied.) We must presume that the legislature intended to

---

[1]According to Laven, *Liability of Parents for the Willful Torts of Their Children Under Ohio Revised Code Section 3109.09*, 24 Cleve. St. L. Rev. 1, 2, n. 2 (1975), no legislative history is available which might reveal the legislature's purpose. Laven also cites Amended Substitute H. B. No. 134 as the source of the original act. Laven, *id.*, at 2, n. 5. The court in *Lewis* v. *Martin* (1968), 16 Ohio Misc. 18, cites Amended Substitute H. B. No. 159 as the source.

mean exactly what it enacted. That is, this section provides for compensatory damages, limited to damage actually suffered, in an amount not to exceed $2,000.

The fact that the legislature twice amended the section to provide increased maximum limits suggests that they intended this section to provide an updated, realistic ceiling on recovery. We conclude that the Ohio legislature primarily intended R. C. 3109.09 to establish a civil cause of action, providing for compensatory damages to innocent victims of minor delinquents, against the parents having custody and control of such minor who willfully damages the property of another.[2]

Although this court concludes that the primary purpose of this section is to compensate the innocent victims of property damage, we do not think it inconsistent that the legislature may have intended an additional result by enactment of R. C. 3109.09. That is, that the legislation might tend to curb juvenile delinquency by rendering parents jointly and severally liable for the willful misconduct of their minor children. Parental control of minor children must necessarily remain society's first line of defense against destructive-minded delinquents.

Appellees contend that should this court construe R. C. 3109.09 as "compensatory" rather than "penal" in nature, the statute would, therefore, be unconstitutional. This court cannot agree.

In support of this position, appellees cite *Corley* v. *Lewless* (1971), 227 Ga. 745, 182 S. E. 2d 766, wherein it was held that Georgia's parental responsibility statute which provided for *unlimited* liability without fault was violative of the due process clauses of the state and federal constitutions. The statute construed in *Corley* is easily

---

[2]As of 1970, 46 states had enacted parental responsibility statutes. Twenty-six states exclude recovery for personal injury, and 28 states limit the amount of recovery to $500 or less. Note, *The Iowa Parental Responsibility Act*, 55 Iowa L. Rev. 1037 (1970). For an earlier review and analysis of parental liability statutes, *see* Comment, 3 Vill. L. Rev. 529 (1958). For a discussion of the Ohio statute, see Laven, *supra*, note 1.

distinguishable from the one at issue, since it provided for unlimited liability while R. C. 3109.09 imposes a statutory ceiling. Other courts which have addressed the constitutionality of parental responsibility statutes have, for various and often imprecise reasons, upheld the validity of those statutes. *In re Sorrell* (1974), 20 Md. App. 179, 315 A. 2d 110; *Mahaney* v. *Hunter Enterprises, Inc.* (Wyo. 1967), 426 P. 2d 442; *General Ins. Co. of America* v. *Faulkner* (1963), 259 N. C. 317, 130 S. E. 2d 645; *Kelly* v. *Williams* (Tex. Civ. App. 1961), 346 S. W. 2d 434.

Governmental regulation for the public welfare must comport with constitutional due process requirements. In *Nebbia* v. *New York* (1934), 291 U. S. 502, the court reaffirmed that:

"[T]he guaranty of due process * * * demands only that the law shall not be unreasonable, arbitrary or capricious, and that the means selected shall have a real and substantial relation to the object sought to be attained." *Id.*, at 525.[3]

Either aforementioned construction of R. C. 3109.09 would certainly fall within the parameters of the state's right to enact legislation aimed at a legitimate and reasonable objective. Certainly, the objectives of compensating the innocent victims of juvenile misconduct, and attempting to curb juvenile delinquency by seeking to impose greater parental guidance, fall squarely within the power of the state to so legislate.

In fact, the objectives here sought to be attained are similar to those which fostered the enactment of R. C. 4507.07, which denies the granting of a driver's license to any person under 18, unless the application is signed by one having custody of the minor.[4] Such legal custodian is

---

[3] *Cf. Stewart Machine Co.* v. *Davis* (1937), 301 U. S. 548; *United States* v. *Bendik* (C. A. 2, 1955), 220 F. 2d 249; *Lapides* v. *Clark* (D. C. Cir. 1949), 176 F. 2d 619, *certiorari denied*, 338 U. S. 860; *United States* v. *Branigan* (S. D. N. Y. 1969), 299 F. Supp. 225.

[4] R. C. 4507.07 states in relevant part:

"The registrar of motor vehicles shall not grant the application of any minor under eighteen for a probationary license or restricted

jointly and severally liable with the minor driver for damages caused by the minor's negligence or willful or wanton misconduct. The only Ohio court to construe R. C. 3109.09 reasoned that, like R. C. 4507.07, the minors are jointly and severally liable for the willful destruction of property, and the parents are jointly and severally liable with the minors to the extent of the parents' responsibility under this section. *Lewis* v. *Martin, supra*. And, it has been held that the two-year statute of limitations for injury to persons or property is applicable to R. C. 4507.07. *Levin* v. *Bourne, supra.*

It must now be considered whether the means selected by the legislature has a real and substantial relation to the object sought to be attained. Leaving aside for the moment the statutory liability limit imposed by R. C. 3109.09, we find that the objective of compensating innocent victims for property damage caused by the willful misconduct of minors is substantially furthered by imposing civil liability on the parents having the custody and control of the minor. Furthermore, we conclude that the liability limit of $2,000 is reasonable, and more importantly, practical.[5] We believe the $2,000 limit is adequate *in most*

---

license unless such application is signed by one of his parents, his guardian, or other person having custody of the applicant, or, in the event that there is no parent or guardian, then by a responsible person who is willing to assume the obligation imposed under this section.

"Any negligence or willful or wanton misconduct of a minor under eighteen when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful or wanton misconduct."

For an early analysis of the statute see Note, *Parental Responsibility and the Financially Irresponsible Youthful Driver in Ohio*, 9 West. Res. L. Rev. 490 (1958).

[5]For instance, a stronger case could be made that a parental responsibility statute which limited liability to a lesser sum, such as $200, $300, or perhaps even $500, is actually "penal" in nature rather than compensatory, since it could reasonably be concluded that the greater number of suits brought under the statute would stem from misconduct which inflicted damages beyond that allowed by statute.

Whether such a statute would give rise to a due process attack can

*cases* to compensate injured property owners for the value of their damaged property. Since the statute bears a rational relation to the object sought to be attained, it cannot be said to violate due process. *Nebbia* v. *New York, supra.*

Since this court finds that R. C. 3109.09 furthers a legitimate state end, it is unnecessary to specifically analyze whether the statute additionally serves to curb juvenile delinquency. We, quite honestly, have been shown nothing which would satisfy this court that this statute either does or does not serve to deter juvenile delinquency.

In conclusion, since we find that R. C. 3109.09 is primarily intended to be compensatory in nature and that such statute bears a real and substantial relation to the object sought to be attained, this court holds that the two-year statute of limitations set forth in R. C. 2305.10 applies to civil actions to recover compensatory damages for injury to property brought under R. C. 3109.09.

The judgment of the lower court is reversed and the case remanded for further proceedings according to law.

*Judgment reversed.*

PARRINO, P. J., and STILLMAN, J., concur.

---

only be determined after closely analyzing the legitimate state end sought to be attained, and if found to be compensatory, whether such means are rational in relation to that end. *Cf. General Ins. Co. of America* v. *Faulkner, supra; see generally* Note, *The Iowa Parental Responsibility Act,* 55 Iowa L. Rev. 1037, 1042-1043 (1970).