Zimmerman, J.
 

 The sole question before the court on this appeal is whether Section 11222, General Code, with its six-year limitation for bringing an action, or Section 11224-1, General Code, with its two-year Limitation, is applicable to plaintiff’s action. If Section 11222, General Code, applies, the Court of Appeals was correct and its judgment should be affirmed; if the matter is governed by Section 11224-1, General Code, the judgment of the Court of Appeals should be reversed and that of the Court of Common Pleas affirmed.
 

 So far as it is pertinent here, Section 11222, General Code, appearing in the chapter entitled “Limitation of Actions ’ ’ and in existence for many years, recites :
 

 “An action upon a contract not in writing, express or implied, * * * shall be brought within six years after the cause thereof accrued.”
 

 Section 11224-1, General Code, found in the same chapter and effective in 1927, provides:
 

 
 *50
 
 “An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose.”
 

 The rule prevailing in by far the larger number of jurisdictions is that where a statute, specific in terms, limits the time within which an action for “injuries to the person” or “bodily injury” may be brought, such statute governs all actions the real purpose of which is to recover for an injury to the person, whether based upon contract or tort, and a general statute, limiting the time for bringing an action growing out of a contractual relationship, is without application. 34 American Jurisprudence, 84, Section 103. Compare 53 Corpus Juris Secundum, Limitations of Actions, 1042, Section 74. A collection of the cases on the subject may be found in 1 A. L. R., 1313, and 157 A. L. R., 763. Attention is also directed to the later cases of
 
 Vandevoir v. Southeastern Greyhound Lines
 
 (C. C. A. 7), 152 F. (2d), 150, certiorari denied, 327 U. S., 789, 90 L. Ed., 1016, 66 S. Ct., 811;
 
 Coates
 
 v.
 
 Milner Hotels, Inc.,
 
 311 Mich., 233, 18 N. W. (2d), 389; and
 
 Jones
 
 v.
 
 Boggs & Buhl, Inc.,
 
 355 Pa., 242, 49 A. (2d), 379.
 

 There are several persuasive reasons why Ohio should follow the majority rule. In this state, by virtue of Section 11238, General Code, there is but one’ form of action, known as a civil action. Moreover, Section 11224-1, General Code, is a special statute re-: lating to a specific subject, viz., “an action for bodily injury,” and the well established rule is that a special statutory provision which relates to the specific subject matter involved in litigation is controlling over a general statutory provision which might otherwise be . applicable.
 
 Acme Engineering Co.
 
 v.
 
 Jones, Admr.,
 
 150 Ohio St., 423, 431, 83 N. E. (2d), 202, 206. See, also, 37 Ohio Jurisprudence, 409, Section 150.
 

 It is plain from a reading of Section 11224-1, Gen
 
 *51
 
 eral Code, that it imposes the two-year period of limitation on the cause of action instead of annexing it to the form of action. That section is not confined to any particular type of injury, nor does it concern itself with the circumstances under which an injury was inflicted. On its face, it clearly covers all actions based on a claim respecting bodily injury.
 

 Surely, the General Assembly did not intend to create different periods of limitation for the recovery of damages growing out of bodily injury, depending on the form of the action brought. No matter what form is adopted, the essence of the action is the wrongful injury, and that it arose from the breach of an express or implied contract is immaterial.
 

 In other words, the term, ‘ ‘ action, ’ ’ as used in Section 11224-1, General Code, refers to the nature or subject matter thereof and not to its form as a matter of remedial procedure. Whether the action is strictly in tort or for breach of contract, it is nonetheless an action to recover damages for bodily injury and is governed by the two-year limitation prescribed by Section 11224-1, General Code.
 

 Because in Ohio we have but one form of action, designated a civil action, cases from other jurisdictions, the decisions in which turned upon a distinction in the form of action brought, are not pertinent. In those cases, the results depended on whether the suits were in reality tort or contract actions. As has already been pointed out, under the express wording of Section 11224-1, General Code, it makes no difference whether the action to recover damages for bodily injury is in theory
 
 ex contractu
 
 or
 
 ex
 
 clelicto; nor does it matter that plaintiff may elect between the two types of action.
 

 Furthermore, it may be assumed that the General Assembly was motivated by a cogent reason in limiting to tvro years the bringing of an action for bodily
 
 *52
 
 injury. This is not an unreasonably short time and in actions of this character the evidence, being usually wholly oral, is liable to be lost by the death or absence of witnesses, failure of memory and other causes.
 
 Lewis
 
 v.
 
 Pawnee Bill’s Wild West Co.,
 
 6 Pennewill (Delaware), 316, 322, 66 A., 471, 474, 16 Ann. Cas., 903, 906; and
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Reed
 
 (C. C. A., 6), 223 F., 689, 694, certiorari denied, 239 U. S., 640, 60 L. Ed., 481, 36 S. Ct, 160.
 

 There is no decision by this court touching the precise question raised in the case at bar. However, in
 
 Gillette
 
 v.
 
 Tucker,
 
 67 Ohio St., 106, 65 N. E., 865, 93 Am. St. Rep., 639, involving an action against a surgeon for malpractice, it was held, in effect, that although a contractual relationship exists between a doctor and his patient whereby the doctor is obliged to use reasonable care and skill in the treatment of the patient, a malpractice action by the patient against the doctor is not one
 
 on
 
 the contract, but rather one “to recover for breach of contract, for negligence in performance of the contract,” and the one year limitation on actions for malpractice (now Section 11225, Genera] Code) applies.
 

 In the
 
 Gillette
 
 case, the court divided equally, not on the applicability of the one year statute of limitation for bringing an action for malpractice, but as to the date when the cause of action accrued and the limitation began to run.
 

 Judge Davis remarked in his dissenting opinion:
 

 “However, it seems to be a mere waste of time to discuss the question whether this action is
 
 ex contractu, quasi ex contractu,
 
 or
 
 ex delicto,
 
 for the statute provides that malpractice, whether it belongs to one or another of these classes, is barred in one year from the time the cause of action accrues.” Compare
 
 Bowers
 
 v.
 
 Santee,
 
 99 Ohio St., 361, 124 N. E., 238; 41 American Jurisprudence, 232, Section 122.
 

 
 *53
 
 In conclusion, Section 11224-1, General Code, is complete in itself and suggests no legislative intent to distinguish between bodily injuries directly and forcibly caused under circumstances where no contractual relationship exists between or among the persons concerned and those resulting from a breach of contract. Until such time as the General Assembly sees fit to make such distinction by an enactment carrying appropriate language to accomplish that purpose, this court must accept and apply the statute as it exists, regardless of hardship to a particular litigant.
 

 It is manifest from a perusal of the amended petition that this is an action for damages upon a claim for bodily injury. It was instituted after the expiration of two years from the date upon which liability arose, and it comes squarely within the two-year limitation prescribed by Section 11224-1, General Code.
 

 Upon the basis of what has been said, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stewart, Middleton, Taft, Matthias and Hart, JJ., concur.