JARMOL, PLAINTIFF-APPELLANT, *v.* TAS-TEE CATERING, INC., ET, DEFENDANT-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26392. Decided October 10, 1963.

*Mr. George Henry Lavan*, for plaintiff-appellant.

*Mr. George Mayer*, for defendant-appellee Tas-Tee Catering, Inc.

*Messrs. Merkel, Campbell, Dill & Zetzer*, for defendant-appellee Horten Dairy Co.

SILBERT, J. This appeal comes to this court on questions of law from judgments entered for the defendants after sustaining demurrers filed separately by each defendant, the plaintiff not pleading further after the demurrers were sustained, the court then making an entry of dismissal at the plaintiff's costs for which judgments were rendered.

The record, as shown by the half sheet, is most unusual. After service of both, defendant, Tas-Tee Catering, filed a demurrer on April 6, 1962 and defendant, Horten Dairy Company, filed a demurrer on April 20, 1962. The court's ruling, as shown on the half sheet as of May 17, 1962 is:

"Demurrers by defendants sustained. Plaintiff excepts. Plaintiff may plead by May 31, 1962."

Thereafter on May 25, 1962, a motion for oral hearing by plaintiff was filed and on June 2, 1962, the following entries are shown:

"This action is dismissed for failure to file a petition, at the plaintiff's costs, for which judgment is rendered as to Horton Dairy only."

followed by:

"Case called: Defendant not appearing, court finds defendant in default of answer or demurrer and this cause is set for trial on the active list for evidence as to Tas-Tee Catering."

There is no indication that these entries were journalized as required by Rule 34 of the Cleveland Municipal Court. The trial of the issues against Tas-Tee Catering does not appear on the half sheet. On December 28, 1962, there is an entry on the half sheet which discloses:

"Motion granted (undoubtedly referring to plaintiff's motion for an oral hearing filed on May 25). Upon hearing, demurrers by defendants sustained, plaintiff excepts, action dismissed without prejudice at plaintiff's costs for which judgment is rendered."

A stamp at the end of this entry recites that "Journal entry received for journalization January 3, 1963." Notice of appeal was filed by the plaintiff on January 21, 1963.

It must be assumed until otherwise established that the entries of June 2, 1962, were not journalized and, therefore, the notice of appeal, filed as to the journalized judgment of January 3 confers jurisdiction upon this court.

The plaintiff's petition, after formal statements as to the parties, alleges that he purchased a container of milk "vended by the defendants, and as he partially consumed the contents of said container, plaintiff experienced a cutting and scraping sensation in his throat, the same resulting from * * * a foreign substance contained in the milk * * *." The plaintiff then alleges that the "foreign substance" was a piece of glass.

The plaintiff also alleges a breach of warranty by which he was physically injured, setting out the nature and extent thereof and seeks damages based on the breach of warranty.

The action was filed on March 29, 1962, and summons was issued on that date. The milk was purchased on May 10, 1959, about three years before the action was brought. The demurrers were sustained by the court on the ground that the action was for personal injury and, therefore, was barred by the statute of limitations. Section 2305.10, Revised Code, provides:

"An action for bodily injuries or injuring personal property shall be brought within two years after the cause thereof arose."

The trial court relied on the case of *Andrianos* v. *Community Traction Co.*, 155 Ohio St., 47, 97 N. E. (2d), 549, where the action was for personal injuries suffered by the plaintiff while he was a fare paying passenger and being transported in the defendant's bus, the services then being rendered under a contract of carriage by the defendant acting in the capacity of a common carrier. The second paragraph of the syllabus of the *Andrianos case*, provides:

"2. Section 11224-1, General Code, providing that an action for bodily injury shall be brought within two years after the cause thereof arose, governs all actions the real purpose of which is to recover damages for injury to the person and losses

incident thereto and it makes no difference whether such action is for a breach of contract or strictly in tort. The limitation is imposed on the cause of action and the form in which the action is brought is immaterial.''

The claim of the plaintiff was based on the contention that the action was for damages suffered as a result of ''breach of contract'' and that the six year limitation under Section 2305.07, Revised Code, applied. The court rejected this contention.

The facts of the instant case are clearly distinguishable from those of the *Andrianos case* just cited. Section 2305.07, Revised Code, in part, provides:

''* * * or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued.''

The action pleaded is for breach of warranty. Such an action was provided for (at the time the accident is alleged to have accrued) by Sections 1315.14 and 1315.70, Revised Code. If glass was, in fact, in the milk, Sections 3715.02 and 3717.10, Revised Code, define such condition as adulterated ''milk.'' This being so, the action pleaded is one for a liability created by statute. Negligence in protecting the milk against adulteration or liability for a breach of implied warranty in the sale of milk that was not of merchantable quality are not a part of the plaintiff's case. Upon the facts pleaded, liability attaches regardless of due care. In the case of *Sicard* v. *Kremer*, 133 Ohio St., 291, 13 N. E. (2d), 250, the Supreme Court made clear that an action for the sale of a dangerous substance may either be prosecuted for breach of warranty (contract implied by law) or upon allegations of negligence. See also *Kniess* v. *Armour & Co.*, 134 Ohio St., 432, at page 442, 17 N. E. (2d), 734.

We must conclude, therefore, that the judgments entered for the defendants, after sustaining the demurrers, were contrary to law. The judgments are reversed and the cause remanded with instructions to overrule the demurrers and for further proceedings according to law.

SKEEL, C. J., ARTL, J., concur.