BORA, APPELLEE, *v.* KERCHELICH, APPELLANT.

[Cite as Bora *v.* Kerchelich (1983), 2 Ohio St. 3d 146.]

(No. 82-17—Decided January 5, 1983.)

Mr. Morris I. Goldsmith, for appellee.

Joseph T. Svete Co., L.P.A., Mr. Joseph T. Svete and Mr. Paul C. Wickline, for appellant.

Per Curiam. At common law, the keeper of a vicious dog could not be liable for personal injury caused by the dog unless that person knew of the dog's "vicious propensities." Hayes v. Smith (1900), 62 Ohio St. 161, paragraph one of the syllabus. Later, however, the General Assembly enacted provisions which eliminated the necessity of pleading and proving the keeper's knowledge. Kleybolte v. Buffon (1913), 89 Ohio St. 61, 64. The Kleybolte court, after examining the plaintiff's petition, found that there was "no averment of scienter" and concluded that "[t]he right of action * * * must have been predicated upon the statute * * *." Id.

Similarly, we agree with the court of appeals that appellee alleges liability based upon the contemporary version of the statute referred to in Kleybolte, supra. R.C. 955.28 provides in part: "The owner or keeper [of a dog] shall be liable for any damage or injuries caused by a dog unless such damage or injury was to the body or property of a person who, at the time such damage or injuries were sustained, was committing a trespass on the property of the owner, or was teasing, tormenting, or abusing such dog on the owner's property." (Emphasis added.) Appellee's complaint does not allege that appellant knew of the dog's viciousness but does evoke the language of the statute. (Compare the emphasized portions of R.C. 955.28 with those of the complaint, supra.) The same conclusion follows here, as in Kleybolte: the statute gives rise to the cause of action.

Therefore, R.C. 2305.07, the statute of limitations for "an action * * * upon a liability created by statute," is controlling.

Appellant argues, however, that Andrianos v. Community Traction Co. (1951), 155 Ohio St. 47 [44 O.O. 72], requires that we conclude that R.C. 2305.10 is the applicable statute of limitations in this case. We disagree.

In Andrianos, this court held that characterizing a fare-paying bus passenger's claim for bodily injury as one for breach of an implied contract for safe passage did not change the inherent nature of the suit. Therefore,

this court applied the statute of limitations for bodily injury rather than that for implied contract.

That same reasoning leads us to the result in this case. Appellee's complaint suggests that R.C. 955.28 is the source of appellant's alleged liability. Although appellee alleged injury, as required by R.C. 955.28, it is injury *"caused by a dog"* which is the crux of the claim. R.C. 2305.07, therefore, is the controlling provision.

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

CELEBREZZE, C.J., dissents.

CELEBREZZE, C.J., dissenting. The majority opinion concludes that a six-year statute of limitations applies to this cause of action for damages caused by a dog bite. I respectfully dissent because I believe that the within cause is governed by the two-year statute of limitations for bodily injury.

Although the majority cites *Andrianos* v. *Community Traction Co.* (1951), 155 Ohio St. 47 [44 O.O. 72], it fails to mention the second paragraph of the syllabus which directly applies to this fact situation. It states that the statute, the forerunner of R.C. 2305.10, "* * * providing that an action for bodily injury shall be brought within two years after the cause thereof arose, *governs all actions the real purpose of which is to recover damages for injury to the person and losses incident thereto* and it makes no difference whether such action is for a breach of contract or strictly in tort. The *limitation is imposed on the cause of action and the form in which the action is brought is immaterial."* (Emphasis added.)

The court therein stated that the "General Assembly did not intend to create different periods of limitation for the recovery of damages growing out of bodily injury, depending on the form of the action brought. No matter what form is adopted, the essence of the action is the wrongful injury. * * *" *Id.* at 51. Furthermore, the court concluded that regardless of whether the action is in tort or a breach of a contract, it is nonetheless an action to recover damages for bodily injury and for that reason is governed by the two-year statute of limitations.

Applying these principles to the cause *sub judice,* it is clear that the action is one for damages arising from bodily injury. Therefore, it is immaterial whether the complaint is based upon liability under the common law or R.C. 955.28. It is apparent to this writer that the purpose of the action is to recover damages for bodily injury; therefore, the statute of limitations for bodily injury applies.

*Underwriters at Lloyd's* v. *Peerless Storage Co.* (C.A. 6, 1977), 561 F. 2d

20 [7 O.O.3d 463], presented the court with a choice between the two statutes of limitations at issue in the case *sub judice*. The court relied upon *Andrianos* and concluded that the limitation statutes are concerned with the nature or subject matter of the cause of action even though the plaintiff may choose to sue for damages under a contract or tort theory.

Moreover, injuries from a dog bite are frequently less severe, though painful, than those arising from other causes. It would be oxymoronic to allow a person bitten by a dog to have six years to sue and to limit a pedestrian maimed by a hit and run truck to two years to file a cause of action. Consistency requires that the same statute of limitations apply to actions for both dog bite injuries and other more devastating injuries.

For these reasons, I believe that the two-year statute of limitations for bodily injury contained in R.C. 2305.10 applies in this situation. Accordingly, I would reverse the judgment of the court of appeals.