**William W. MEHL, Plaintiff,**

v.

**ICI AMERICAS, INC., et al., Defendants.**

No. C–1–83–841.

United States District Court, S.D. Ohio, W.D.

Aug. 10, 1984.

F. Harrison Green, Oxford, Ohio, James R. Rimedio, Cincinnati, Ohio, for plaintiff.

Edward R. Goldman, Ralph Mitchell, Gordon C. Greene, Cincinnati, Ohio, for defendants.

## OPINION AND ORDER GRANTING DEFENDANTS AYERST LABORATORIES, INC.'S AND ICI AMERICAS INC.'S MOTIONS FOR SUMMARY JUDGMENT

SPIEGEL, District Judge:

This matter is before the Court on the motions for summary judgment (docs. 5 and 15), of the respective defendants Ayerst Laboratories, Inc. and ICI Americas, Inc. which have been fully briefed and argued. For the reasons that follow, we conclude that defendants' motions for summary judgment should be granted.

In this case, plaintiff seeks to recover damages for injuries suffered when he contracted drug-induced hepatitis after being administered the anesthetic known as "Fluothane" allegedly manufactured by defendant ICI Americas, Inc. (ICI) and distributed and sold by defendant Ayerst Laboratories, Inc. (Ayerst). This is the second attempt at recovery by this plaintiff, the first suit having been dismissed by Judge Rubin of this Court as barred by Ohio's two-year statute of limitations applicable to personal injury as embodied in Ohio Rev. Code § 2305.10. Although the earlier action was styled *Mehl v. Ayerst Laboratories*, C–1–81–27, the record is at best unclear as to whether the parties now before this Court were before the Court in the earlier action.

As a preliminary matter, we address defendant ICI's motion to strike exhibits attached by plaintiff to his memorandum opposing ICI's motion for summary judgment (doc. 21). Plaintiff has not responded to ICI's motion to strike these exhibits. We observe that the exhibits involved appear to be copies of letters addressed to plaintiff's counsel reflecting some degree of inquiry of the Secretaries of State of both Ohio and Massachusetts concerning the registration

of one "Imperial Chemical Industries, Ltd" to do business in these respective states. However, these letters are unaccompanied by any affidavits or any other indicia of authenticity. Furthermore, we note that failure to respond to a motion may be grounds for granting same. S.D.Ohio Rule 4.0.2. Therefore, for cause shown, in the interests of justice, and pursuant to Rule 4.0.2 this Court will not consider the above mentioned letters in passing on the pending motions for summary judgment. *See United States v. Glass Nursing & Convalescent Homes, Inc.,* 550 F.Supp. 1149, 1154 (S.D.Ohio 1982).

The first issue to address is whether collateral estoppel precludes relitigation of the statute of limitations issue in this proceeding. Defendant ICI contends that collateral estoppel should preclude our consideration of the issue and asserts that the lack of mutuality is no bar to such a result under Ohio law. On this last point, ICI relies upon *Hicks v. De La Cruz,* 52 Ohio St.2d 71, 369 N.E.2d 776 (1977). However, the Ohio Supreme Court has subsequently established that Ohio law generally requires mutuality before collateral estoppel may be invoked. *Goodson v. McDonough Power Equipment Co.,* 2 Ohio St.3d 193, 443 N.E.2d 978 (1983). As we read *Goodson,* the Court limited the *Hicks* holding to permit issue preclusion against a stranger to the earlier litigation only in reference to the particular factual issue previously litigated and only where that previously litigated factual issue was not determinative of liability. 2 Ohio St.3d at 200, 443 N.E.2d at 985. As the statute of limitations issue here involved is obviously legal in nature, and just as obviously determinative of the absence of liability, we conclude that dispensation of the mutuality requirement is inappropriate in this case. Therefore, we address the merits of defendants' motions.

The arguments of the various parties propose the application of three different statutes of limitations to this case. First, defendants urge the application of the two-year statute of limitations embodied in Ohio Rev.Code § 2305.10, which is by its terms applicable to bodily injury or injury to personal property. As plaintiff was aware of his injuries on June 8, 1977, and this action was not filed until June 6, 1983, the two-year statute, if applicable, would bar this action.[1] Second, plaintiff argues that the six-year statute of limitations set forth in Ohio Rev.Code § 2305.07 is applicable as the liability of defendants is either pursuant to a contract not in writing or created by the Ohio statutory provisions referred to as the Pure Food and Drug Law, Ohio Rev.Code §§ 3715.01–3715.99. Finally, plaintiff argues that the four-year statute of limitations provided for in Ohio's adoption and codification of the Uniform Commercial Code is applicable to this action. Ohio Rev.Code § 1302.98.

The last of these arguments is most easily disposed of. Ohio Rev.Code § 1302.98 provides in essence, that an action for breach of a contract of sale must be brought within four years of accrual. Ohio Rev.Code § 1302.98(A). While the four year statute alone would not permit plaintiff's present cause of action, a further qualification of the statute might. Ohio Rev.Code § 1302.98(C) provides that where an action is initially brought within four years of accrual, and terminated in a manner that leaves available a remedy by another action for the same breach, the other action may proceed if brought within six months of the termination of the first action. Thus, plaintiff argues that the first action, instituted January 15, 1981 was within four years of the accrual of his cause of action, and that this second action

1. We do not address the applicability of Ohio's Savings statute, Ohio Rev.Code § 2305.15 which tolls the applicable statute of limitations as to a defendant who is absent from the state, except as a brief digression in this footnote since plaintiff has produced no proof that either ICI or Ayerst was absent from the state during the relevant time period. While plaintiff did submit the exhibits to (doc. 21) mentioned earlier in the context of ICI's motion to strike, which are arguably vaguely relevant to defendants' presence in the state, our ruling on the motion to strike precludes further consideration of those exhibits.

was brought within six months of the termination of the first.

Nevertheless, plaintiff's argument must fail. As defendants point out, Judge Contie, now of the Sixth Circuit, has ruled that,

[a]bsent an allegation of privity of contract, the four year statute of limitations of Ohio Revised Code, Section 1302.98 (Uniform Commercial Code) is not applicable to an action seeking recovery on an implied or express warranty theory.

*Johnson v. Koppers Co., Inc.,* 524 F.Supp. 1182, 1187 (N.D.Ohio 1981), *appeal dismissed,* 705 F.2d 454 (6th Cir.1982) (citing *Lee v. Wright Tool & Forge Co.,* 48 Ohio App.2d 148, 356 N.E.2d 303 (1975)). In what was, in essence, a products liability action, Judge Contie determined that the applicable statute of limitations for a wrongful death claim brought under Ohio law was the two year statute in Ohio Rev. Code § 2305.10. *Id.; Cf. United States Fidelity & Guaranty Co. v. Truck & Concrete Equipment Co.,* 21 Ohio St.2d 244, 257 N.E.2d 380 (1970) (holding four-year statute of limitations inapplicable to claim for injury to personal property absent allegation of contractual privity). As plaintiff does not allege a privity of contract between himself and the defendants, the four-year statute in Ohio Rev.Code § 1302.-98 is clearly not applicable to this action.

■ Therefore, the crux of this case is whether the six-year limitation for contracts not in writing or liability created by statute, Ohio Rev.Code § 2305.07, should apply rather than the two-year statute for bodily injury, Ohio Rev.Code § 2305.10. As developed below, we conclude that the two-year limitation is properly applied in this case.

Ohio Rev.Code § 2305.07 provides as follows:

Except as provided in § 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued.

Ohio Rev.Code § 2305.07 (Page 1981). By its terms, this section is not applicable to liabilities fairly characterized as forfeitures or penalties. Whether a sanction or liability is penal in nature depends on whether the wrong results in injury to the public, or to the individual. *Floyd v. DuBois Soap Co.,* 139 Ohio St. 520, 522–23, 41 N.E.2d 393, 395 (1942), *citing Huntington v. Attrill,* 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123 (1892). If the injury is to the public, the liability is a penalty, as a penalty, strictly defined, is a penal sanction "inflicted by or in right of the public." *Hawkins v. Furnace Co.,* 40 Ohio St. 507, 514 (1884).

■ We think it clear that the liabilities imposed upon those who violate Ohio's Pure Food and Drug Act, Ohio Rev.Code §§ 3715.01–3715.99 are fairly characterized as penalties. Sanctions for such violations are set forth in Section 3715.99, and are undeniably cast as criminal penalties. Furthermore, the Ohio Pure Food and Drug Act has been interpreted as imposing a duty that inures to the benefit of the consuming public. *Portage Markets Co. v. George,* 111 Ohio St. 775, 146 N.E. 283 (1924). As the liability imposed by Ohio's Pure Food and Drug Act is clearly penal in nature, this alone would preclude application of the six-year limitation under plaintiff's theory.

■ If we are mistaken concerning the nature of the sanctions for violations of Chapter 3715 of the Ohio Rev.Code, we nevertheless conclude that the six-year statute is inapplicable, as in this case, the potential liability of the drug manufacturer and distributor is not liability created by statute as that phrase has been construed by Ohio Courts. The Ohio Supreme Court has interpreted the relevant language of the statute to mean liability that would not exist but for the statute. *Hawkins v. Furnace Co.,* 40 Ohio St. 507, 515 (1884). It necessarily follows that if the liability sought to be proved existed at common law, then the liability is not created by statute and the six-year limitation does not apply.

Plaintiff relies on two cases in support of his contention that the six-year limitation is appropriate. In *Jarmol v. Tas-Tee Catering, Inc.*, 120 Ohio App. 77, 193 N.E.2d 157 (1963) the court held that a cause of action for damages resulting from injuries sustained as a result of consuming contaminated milk was an action premised on liability created by Ohio's Pure Food and Drug Act, and the six-year limitation of Ohio Rev. Code § 2305.07 was therefore applicable. This result was tacitly approved by the Ohio Supreme Court, plaintiff contends, in the case of *Bora v. Kerchelich*, 2 Ohio St.3d 146, 443 N.E.2d 509 (1983). In *Bora*, the court held that a cause of action, pleaded under a dog bite statute which removed the element of scienter of a dog's vicious propensities required at common law, was premised on liability created by statute. Therefore, the Court reasoned that the six-year limitation applied.

At first blush, *Jarmol* seems to be controlling. The facts are not significantly distinguishable, and the decision is that of a state appellate court, which should be given due regard by federal courts in diversity cases under the reasoning of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and the Rules of Decision Act, 28 U.S.C. § 1652. However, a federal court need not defer to the ruling of an intermediate state appellate court if "it is convinced by other persuasive data that the highest court of the state would decide otherwise." *West v. A.T. & T. Co.*, 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940) (quoted in *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967)). We are convinced from an examination of Ohio Supreme Court authority that the Ohio Supreme Court would not apply the six-year limitation to facts similar to those existing in *Jarmol* or in the instant case.

Our conclusion that *Jarmol* is not an accurate statement of Ohio law rests in part on the foregoing discussion of the construction of the six-year statute of limitations. In addition, we base our decision on the following discussion of *Bora*, 2 Ohio St.3d 146, 443 N.E.2d 509, as well as the Ohio Supreme Court's construction of the two-year statute of limitations.

We think *Bora* is both consistent with the established line of authority concerning liability created by statute, and easily distinguishable from the instant case. As mentioned earlier, *Bora* involved an action for damages from injuries sustained as a result of a dog bite. The statute, which was liberally quoted in the complaint, imposed liability on the dog's keeper without a showing of scienter of the dog's vicious propensities, which was a necessary element at common law. Thus, we think it requires no further inquiry to arrive at the conclusion that but for the dog bite statute, the liability sought to be proved would not exist.

The instant case is distinguishable as the potential liability of the defendants for bodily injury resulting from the sale of a contaminated drug exists even absent Ohio's Pure Food and Drug Act. The Ohio Supreme Court has recognized as much and noted that an action against a seller of contaminated food may be predicated either contract or tort, and noted that Ohio's Pure Food and Drug Act "has not changed the underlying theory of the action." *Kniess v. Armour & Co.*, 134 Ohio St. 432, 442, 17 N.E.2d 734, 738 (1938); *see also, Sicard v. Kremer*, 133 Ohio St. 291, 13 N.E.2d 250 (1938). Rather, the impact of Ohio's Pure Food and Drug Act on a cause of action for bodily injury is that of a reduction of the plaintiff's burden of proof, and not, as in *Bora*, the elimination of an essential element of the plaintiff's case. *Portage Markets Co. v. George*, 111 Ohio St. 775, 146 N.E. 283 (1924); *see also, Taylor v. B. Heller and Co.*, 364 F.2d 608, 611 (6th Cir.1966). Thus, we cannot agree with plaintiff that *Bora* represents the Ohio Supreme Court's acceptance of the reasoning in *Jarmol*.

Instead, we think this case is properly governed by *Andrianos v. Community Traction Co.*, 155 Ohio St. 47, 97 N.E.2d 549 (1951). There, in an action to recover

for bodily injury which arguably arose out of an implied contract, the court rejected the six-year limitation in favor of the two-year limitation. In so doing, the court construed the intent of the Ohio General Assembly as being concerned with the nature of the injury regardless of the form of action adopted, be it tort or express or implied contract. *Id.* at 51, 97 N.E.2d 552. The court also based its conclusion on rules of statutory construction, that is the specific statute shall govern over the general, citing *Acme Engineering Co. v. Jones*, 150 Ohio St. 423, 431, 83 N.E.2d 202, 206 (1948). Therefore, the court reasoned that the statute of limitations containing an express reference to bodily injury would apply rather than the general provision for breach of an implied contract in the six-year statute. *See also, Underwriters at Lloyds v. Peerless Storage Co.*, 561 F.2d 20 (6th Cir.1977).

We realize that *Andrianos* and *Bora* are not entirely harmonious. The discordance between the two is apparent as the *Bora* court disregarded the nature of the injury analysis central to the decision in *Andrianos*. However, we need not concern ourselves with this conflict as it does not impact the narrow issue here involved. The six-year statute in section 2305.07 refers to two types of actions, joined by a disjunction. That is, it concerns cases predicated on contracts not in writing, express or implied *or* cases predicated on liability created by statute. It is significant, in the interest of precision, that the *Bora* court and the *Andrianos* court dealt with different sections of the statute. Limited to their respective holdings, we think those cases stand for the following:

1. Where both the six-year and the two-year statutes are arguably applicable to a claim for bodily injury which may be predicated either on an implied contract theory or a tort theory, *Andrianos* holds that the nature of the injury controls and the two-year statute shall govern.

2. Where both the six-year and the two-year statutes are arguably applicable to a claim for bodily injury which may be predicated on a tort theory, or upon liability created by statute, *Bora* holds that the nature of the injury is not necessarily controlling and the six-year statute may be applicable.

Were this a case where plaintiff's claim might be predicated on liability created by statute as well as on a tort theory, ours would be the task of harmonizing these two principles. Having concluded above that plaintiff's claim cannot rest on liability created by a statute, we leave that task for another day.

In accordance with the foregoing, we conclude that Ohio's two-year statute of limitations is applicable to this case. As plaintiff did not bring his action within two years after it accrued, and cannot avail himself of the benefits of Ohio's savings statute, we conclude that defendants' motions for summary judgment are well-taken and are hereby granted. Since these motions are dispositive of this matter as to all parties, it is hereby ordered that this case be dismissed.

SO ORDERED.