## In the Matter of the Estate of Marie Mary Tuthill
*[Cite as 4 AOA 83]*

*Case No. 6-89-5*
*Hardin County, (3rd)*
*Decided June 13, 1990*

*Messrs. Gooding, Huffman & Kelley, Mr. Matthew C. Huffman, Attorney at Law, 127-129 N. Pierce Street, P.O. Box 546, Lima, Ohio 45802, for Appellant, Bruce Neely, Administrator.*

*Mr. Paul N. McKinley, Jr., Attorney at Law, 936 E. Franklin Street, Kenton, Ohio 43326, for Appellee, Robert Rettig.*

*Mr. Robert G. Reed, Jr., Attorney at Law, 936 E. Franklin Street, Kenton, Ohio 43326, for Appellee, Interim Attorney For Estate.*

SHAW, P.J.

This is an appeal from a judgment of the Common Pleas Court of Hardin County, Probate Division, disallowing the claim of the fiduciary for funeral services rendered to Marie Mary Tuthill, deceased.

Marie Mary Tuthill ("decedent") diet intestate on May 3, 1977. Funeral services were provided by the appellant, Bruce Neely, doing business as Hanson-Neely Funeral Home, at the oral request of Robert Rettig, the decedent's son. Mr. Rettig made payments on the account until January 1, 1980, leaving at that time an unpaid balance of $907.97. On June 21, 1988, eleven years after rendering his services, the appellant made application to be appointed as administrator of the estate of the decedent which was approved on June 30, 1988.

On September 2, 1988, appellant filed his application for the allowance of a claim of a fiduciary in the amount of $1500.00, which represented the balance due plus interest for the funeral services rendered to the decedent. Exceptions were filed by Robert Rettig on the grounds that the claim was barred by the statute of limitations and the doctrine of laches.

The Probate Court found that the statute of limitations began to run when the funeral services were rendered on May 6, 1977, and that after May 6, 1983, the claim of the appellant as against the estate of the decedent was therefore barred.

Appellant asserts a single assignment of error:

"The trial court erred in denying the claim of the funeral director-administrator where the claim was filed within ninety days of the appointment of the administrator. Claim for funeral expenses is a charge against the estate and O.R.E. [sic] Sec. 2117.02 provides the sole statute of limitations for filing such a claim."

The right to appointment as administrator of a decedent's estate is controlled by R. C. 2113.06. The statute provides that one who is entitled to priority in the appointment of administration loses such right if the person having such right fails to apply within a reasonable time for his own appointment as administrator of the estate. R.C. 2113.03(B). Herein, the record reflects that the debtor-son, as one of the next of kin of the decedent, without sufficient cause, failed to apply for appointment as administrator of his mother's estate within a reasonable time after her death.

The Ohio Supreme Court has held that where one has a claim against an estate in which no administrator has been appointed, it is incumbent upon such creditor to procure the appointment of an administrator against whom he can proceed. *Wrinkle* v. *Trabert* (1945), 174 Ohio St. 233. Thus, the appellant, as one with a claim against the estate of the decedent, was correct in seeking his won appointment as administrator of the decedent's estate where those entitled to appointment as of right had failed to do so.

Although appellant allowed eleven years to pass before submitting his application as administrator, R.C. 2113.02 provides that:

" * * * [a]dministration shall not be originally granted as of right after the expiration of twenty years from the death of the testator or intestate."

This section permits the appointment of an administrator at any time before the expiration of twenty years from the death of either a testator or intestate where a surviving spouse or next of kin, without sufficient cause, has neglected to apply within a reasonable time for the administration of the estate. Appellant's application, made eleven years after the death of the decedent, was within the twenty year limitation provided by statute.

The trial court, in finding that the appellant was barred by the statute of limitations, apparently relied upon R. C. 2305.07, the statute of limitations governing contracts not in writing. However, it is established that "[a] special statutory provision which relates to the specific subject matter involved in litigation in controlling over a general statutory provision which might otherwise be applicable." *Andrianos* v. *Community Traction Co.* (1951). 155 Ohio St. 47, paragraph one of the syllabus.

R.C. 2117.06 is the statute of limitations in probate actions and provides that claims against an estate shall be presented by the creditor to the executor or administrator in writing in one of the three ways enumerated in R.C. 2117.06(A) within three months after the date of the appointment of such executor or administrator or be forever barred. See R.C. 2117.06(B). Here, it is uncontested that the appellant, upon appointment as administrator, filed a timely application for allowance of a claim of a fiduciary as set forth under R.C. 2117.02 and R.C. 2117.06(B).

In arguing that the appellant's claim for funeral services is barred by R.C. 2305.07, the appellee, Robert G. Reed, cites *Wrinkle* v. *Trabert* (1945), 174 Ohio St. 233, for the proposition that the statute of limitations bars a civil action where the plaintiff had knowledge of the death of the decedent, and where under R.C. 2113.06, that plaintiff could have secured the appointment of an administrator within the general statutory period of limitations. *Wrinkle* v. *Trabert, supra,* however, is distinguishable from the instant case. *Wrinkel* v. *Trabert, supra,* involved a tort claims against an estate brought pursuant to R.C. 2117.06 for personal injuries suffered in an accident in which the decedent was involved, whereas the action herein arose from a statutorily created claim against an estate pursuant to R.C. 2116.25. Moreover, unlike the liability in *Wrinkle* v. *Trabert, supra,* the oral contract to which the probate court in the instant case applied the six-year bar of R.C. 2305.07 did not involve the decedent, but the son of the decedent and the funeral home. In short, we do not believe the statute of limitations for an oral contract

between two outside parties and to which the decedent or her estate was never a party, may be used to bar a claim against the decedent's estate.

In any event, appellant contends that different rules of limitation apply to claims arising from funeral and burial expenses that those arising under statutes of limitations, generally. We agree. In this case, R.C. 2117.02 sets forth the applicable statute of limitations as against an executor or administrator for filing his own claims against an estate as three months from the date of his appointment as an administrator.

Finally, in determining whether funeral and burial expenses are properly chargeable against the estate where over eleven years have passed, we are guided by R.C. 2117.25 which delineates the order in which assets of the estate are to be applied to satisfy the debts of the deceased. The section sets forth eight classes of preferred claims, and provides in pertinent part:

" * * * [e]very executor or administrator shall proceed with diligence to pay the debts of the deceased, and shall apply the assets in the following order:

"(A) Costs and expenses of administration;

"(B) An amount, not exceeding two thousand dollars, for funeral and burial expenses that are included in the bill of the funeral director, and funeral expenses other than those in the bill of a funeral director that are approved by the probate court;

" * * * "

In our view, the wording of the statute expresses the clear intention of the Legislature that claims for funeral expenses properly presented to an administrator of the estate of the decedent are a debt of the estate for which the estate of the decedent is liable. *Adams* v. *Malik* (1957), 106 Ohio App. 461. We therefore conclude that they are a separate statutory obligation which supersedes any other contractual rights and obligations between the third parties to the debt therein. Moreover, funeral expenses have long been held to be debts of the estate against which a funeral director may proceed in satisfaction of his claim, generally, in recognition of a public policy that a deceased person be accorded a proper burial and that such a debt arising therefrom be accorded a position of priority in the settlement of the decedent's estate.

For the foregoing reasons, appellant's assignment of error is sustained. The judgment of the Court of Common Pleas of Hardin County, Probate Division, is reversed and this cause is re-manded for proceedings in accordance with this opinion.

*Judgment reversed and cause remanded.*

MILLER and BRYANT, JJ., concur.