OPINION
{¶ 1} Plaintiff-appellant, Janet Summers, et. al., appeals from the judgment entry of the Trumbull County Court of Common Pleas, in which the trial court granted, in part, and denied, in part, defendant-appellee, Max Erma's Restaurant, Inc., d.b.a Max Erma's Neighborhood Gathering Place's ("Max Erma's") Motion to Dismiss Summers' Complaint on the basis that Summers' causes of action were barred by the *Page 2 
two-year statute of limitations for bodily injury claims. The trial court held that all of Summers' claims, with the exception of a loss of consortium and an intentional infliction of emotional distress claim, were time barred by the two-year statute of limitations. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On August 19, 2003, Summers went to defendant's place of business, Max Erma's restaurant, in Niles, Ohio, for lunch. Summers purchased a hamburger that allegedly contained a foreign object which caused injuries to Summers' teeth and mouth.
 {¶ 3} On August 18, 2006, Summers filed a complaint stating multiple causes of action including breach of contract, breach of warranty, intentional or negligent infliction of emotional distress, loss of consortium, violation of Ohio's Consumer Sales Practice Act and violation of Ohio's Pure Food and Drug Act. Summers' husband, George Summers, joined her in the complaint, seeking damages for loss of consortium of his wife due to her injuries.
 {¶ 4} On September 26, 2007, Max Erma's filed a Motion to Dismiss Plaintiffs' Complaint, in lieu of an answer, on the basis that Plaintiff failed to file her lawsuit within the applicable statute of limitations. On December 10, 2007, the trial court granted Defendant's Motion to Dismiss Summers' claims with the exception of the loss of consortium and intentional infliction of emotional distress.
 {¶ 5} Summers timely appeals and raises the following assignments of error:
 {¶ 6} "[1.] The trial court erred in granting Defendant Max Erma's Motion to Dismiss Plaintiff's cause of action alleging a violation of Ohio's Pure Food and Drug Act (R.C. 3715.59) on the basis that Plaintiff's cause of action was governed by the two-year *Page 3 
statute of limitations for bodily injury claims rather than the six-year statute of limitations for claims predicated upon a statute.
 {¶ 7} "[2.] The trial court erred to the prejudice of Plaintiff in granting defendant Max Erma's Motion to Dismiss Plaintiffs' claims for Breach of Contract, Breach of Express and/or Implied Warranty on the basis that the complaint was not filed within the applicable statute of limitations."
 {¶ 8} When reviewing an order granting a Civ. R. 12(B)(6) motion to dismiss, an appellate court conducts a de novo review of the complaint to determine whether the dismissal was appropriate. Goss v. KmartCorp., 11th Dist. No. 2006-T-0117, 2007-Ohio-3200, at ¶ 17(citations omitted). In construing the complaint, we must presume all factual allegations in the complaint are true and make all reasonable inferences in favor of the non-moving party. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192. A complaint should not be dismissed unless it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. Univ. CommunityTenants Union, Inc. (1975), 42 Ohio St.2d 242, at syllabus.
 {¶ 9} In her first assignment of error, Summers argues that the statute of limitations for violation of a statute is governed by R.C. 2305.07, and not R.C. 2305.10 which sets forth a two-year statute of limitations for actions based on bodily injury.
 {¶ 10} R.C. 2305.07 states "an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued." In contrast, R.C. 2305.10, which covers product liability claims and actions for bodily injury or injuring personal property provides for a two-year statute of limitations. It states that an action "for bodily *Page 4 
injury or injuring personal property shall be brought within two years after the cause of action accrues." R.C. 2305.10.
 {¶ 11} In Mehl v. ICI Americas, Inc., (S.D.Ohio 1984),593 F.Supp. 157, the United States District Court for the Southern District of Ohio concluded the six-year statute of limitations was inapplicable to violations of Ohio's Pure Food and Drug Act. Id. The court reached its decision by determining the nature of liability was not one created by statute. Id. at 160. The court further held that "[i]t necessarily follows that if the liability sought to be proved existed at common law, then the liability is not created by statute and the six-year limitation does not apply." Id.
 {¶ 12} Liability created by statute has been interpreted by the Ohio Supreme Court to mean a "liability which would not exist but for the statute." Hawkins v. Furnace Co. (1884), 40 Ohio St. 507, 515. The Supreme Court in McAuliffe v. Western States Import Co., Inc., determined that the proper test for determining if a liability is created by statute is more narrow than "whether the statute created a new `concept of liability'"; the court determined the proper test is "whether the statute created a cause of action not available at common law." McAuliffe v. W. States Import Co., Inc., 72 Ohio St.3d 534, 537,1995-Ohio-201.
 {¶ 13} Summers argues her statutory claim for injuries under the Ohio Pure Food and Drug Act is analogous to claims under the statute holding the owner, keeper or harborer of a dog liable in damages for any injury caused by the dog. Summers cites to an Ohio Supreme Court Case, Bora v.Kerchelich, where the court held the six-year limitation period was controlling.
 {¶ 14} Bora involved an action for damages due to injuries sustained from a dog bite. The statute, which the plaintiff relied on for a cause of action, stated that "[t]he *Page 5 
owner or keeper [of a dog] shall be liable for any damage or injuries caused by a dog unless such damage or injury was to the body or property of a person who, at the time such damage or injuries were sustained, was committing a trespass on the property of the owner, or was teasing, tormenting, or abusing such dog on the owner's property." Bora v.Kerchelich (1983), 2 Ohio St.3d 146, 147, quoting R.C 955.28 (emphasis omitted). A showing of knowledge of the dog's vicious propensities was not required under the statute. However, at common law, a showing of scienter of the dog's vicious propensities was a necessary element. The Ohio Supreme Court found the liability was created by statute because at common law the plaintiff's complaint would not have stated a valid cause of action because there was no scienter. Under the statute, however, the complaint stated a valid cause of action despite the lack of scienter.
 {¶ 15} This instant case is distinguishable from Bora. Similar to the statue in Bora, knowledge is not an element that must be satisfied in order to sustain a violation of the Pure Food and Drug Act's prohibition on serving adulterated food[1] . However, unlike Bora, in a common law negligence claim, the defendant's duty does not arise from superior knowledge of the adulterated food. At common law, a dog owner's duty arose from his knowledge of a dog's vicious propensities, unlike the present case in which knowledge of adulterated food is not part of one's duty to serve food free from adulteration. The serving of adulterated food always constitutes a breach of duty; the Act merely prohibits an act which would have constituted negligence. Thus, Summers could succeed on a common law negligence claim without proving knowledge, whereas *Page 6 
Bora's cause of action would have failed at common law without the showing of scienter.
 {¶ 16} Summers argues that the "enactment of [the] statute makes it `negligence per se' for the serving of adulterated food" and that in the "absence of such a statute it would be difficult, if not impossible, for a Plaintiff injured by a foreign object in food to prove negligence against the provider of the food."
 {¶ 17} Max Erma's potential liability for bodily injury exists independent of Ohio's Pure Food and Drug Act. See Kniess v. Armour Co. (1938), 134 Ohio St. 432, 442 ("the theory upon which an action can be maintained against [appellant] as a retailer for the sale of unwholesome food can be predicated on either contract or tort");Sicard v. Kremer (1938), 133 Ohio St. 291, 295 (an action for the sale of a dangerous substance may either be prosecuted for breach of warranty [contract implied by law] or upon allegations of negligence).
 {¶ 18} "[T]he impact of Ohio's Pure Food and Drug Act on a cause of action for bodily injury is that of a reduction in the plaintiff's burden of proof, and not, as in Bora, the elimination of an essential element of the plaintiff's case." Mehl, 593 F.Supp. at 161. In a negligence per se action, the plaintiff's burden "on the issue of the `actor's departure from the standard of conduct required of a reasonable man'" is reduced. Sikora v. Wenzel, 88 Ohio St.3d 493, 497,2000-Ohio-4062, quoting Restatement of the Law 2d, Torts (1965) 38, Section 288B, Comment b. "Such negligence makes the actor subject to liability * * * but it does not necessarily make him liable." Id. Negligence per se is not the same as strict liability. Id. Negligence per se does not entitle a plaintiff to a finding of liability; the plaintiff will still have to prove proximate cause and damages.Chambers v. St. Mary's School, 82 Ohio St.3d 563, 565, 1998-Ohio-184, citing Pond v. *Page 7 Leslein, 72 Ohio St.3d 50, 53, 1995-Ohio-193. Thus, the "application of negligence per se effectively reduces the plaintiff's burden of proof in a tort case." Id. at 566.
 {¶ 19} "Any statutory `modification, alteration or conditioning' of a common-law cause of action which falls short of creating a previously unavailable cause of action does not transform that cause of action into `an action * * * upon a liability created by statute.'"McAuliffe, 72 Ohio St.3d at 538 (citation omitted). Summers' cause of action exists independently of the Act. Summers' burden of proof maybe reduced, but the essential elements of a negligence action remain. It does not matter that it might be more difficult for her to prove her claim without the use of the statute. Accordingly, followingMcAuliffe, it is not a cause of action "created by statute" for purposes of the application of the six-year period of limitations set forth in R.C. 2305.07, and the trial court correctly applied the two-year statute of limitations set forth in R.C. 2305.10.
 {¶ 20} Even if the liability were created by statue, the six year statute of liability would still be inapplicable because the Pure Food and Drug Act is punitive in nature. The Revised Code section Summers relies on, to establish a six year statute of liability, specifically states that the underlying statute must not be a "forfeiture or penalty". R.C. 2305.07. However, the liability established by the Pure Food and Drug Act is of a punitive nature, therefore, the six year statute of limitations is inapplicable.
 {¶ 21} Whether a sanction or liability is penal in nature depends on whether the wrong results in injury to the public, or to the individual.Floyd v. Du Bois Soap Co. (1942), 139 Ohio St. 520, 522-23, reversed on other grounds, 317 U.S. 596, citing Huntington v. Attrill (1892),146 U.S. 657, 668. If the injury is to the public, the liability is a penalty, strictly defined as a penal sanction "inflicted by or in right of the public." Hawkins v. Furnace Co. (1884), 40 Ohio St. 507, 514. The Ohio Pure Food and Drug *Page 8 
Act contains a section entitled "Penalties" which sets forth consequences for violations of various parts of the act. The statue clearly states that whoever violates a section of the statue is guilty of a misdemeanor; the degree varies with the section of the statue violated. In addition, section 3715.56 of the Act provides for the attorney general, prosecuting attorney, or city director of law to appropriate proceedings to be instituted in the proper court without delay and to be prosecuted in the manner required by law.
 {¶ 22} In Cleveland Mobile Radio Sales, Inc. v. Verizon Wireless,113 Ohio St.3d 394, 397, 2007-Ohio-2203, the Ohio Supreme Court, in deciding a statue was not punitive in nature, reasoned "that in enacting the statute and choosing the particular words that were codified in it, the legislature intended to provide a remedy to an aggrieved individual mortgagor rather than to impose a penalty upon the wrongdoing mortgagee. We held that to conclude that the General Assembly had intended to create a penalty in R.C. 5301.36(C) rather than to provide for damages, we would be required to ignore the plain term `damages' in the statutory language and to insert the term `penalty' or `forfeiture' into the statute." Id. at ¶ 9. The instant case requires the opposite finding. The Ohio Pure Food and Drug Act specifically has a section creating a penalty for the wrongdoing food/drug vendor and does not provide a remedy for an aggrieved individual.
 {¶ 23} In Mehl, discussed above, the United States District Court for the Southern District of Ohio found that the Ohio Pure Food and Drug Act "is clearly penal in nature" and "this alone would preclude application of the six-year limitation". 593 F. Supp. at 160. The court reasoned that it is "clear that the liabilities imposed upon those who violate Ohio's Pure Food and Drug Act, Ohio Rev. Code §§ 3715.01 — 3715.99 are fairly characterized as penalties." Id. Finding that the "[s]anctions for such violations * * * *Page 9 
set forth in Section 3715.99 * * * are undeniably cast as criminal penalties." Id. Furthermore, the court found that the "Ohio Pure Food and Drug Act has been interpreted as imposing a duty that inures to the benefit of the consuming public." Id. citing Portage Markets Co. v.George (1924), 111 Ohio St. 775, 788-789.
 {¶ 24} Summers' first assignment of error is without merit.
 {¶ 25} In her second assignment of error, Summers argues that her claims for Breach of Contract and Breach of Express and/or Implied Warranty are governed by the four-year statute of limitations set forth in R.C. 1302.98.
 {¶ 26} R.C. 1302.98(A) states "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." Max Erma's does not dispute that its transactions with Summers constituted a sale of goods. However, they do argue that the two-year limitation for bodily injury contained in R.C. 2305.10, is the applicable statute of limitations for these causes of actions as well.
 {¶ 27} In Andrianos v. Community Traction Co. (1951), 155 Ohio St. 47, the Ohio Supreme Court held "[s]ection 11224-1, General Code[2], providing that an action for bodily injury shall be brought within two years after the cause thereof arose, governs all actions the real purpose of which is to recover damages for injury to the person and losses incident thereto and it makes no difference whether such action is for a breach of contract or strictly in tort." Id. at paragraph 2 of the syllabus. The court further held that "the form in which the action is brought is immaterial." Id. The court noted "[s]urely, the General Assembly did not intend to create different periods of limitation for * * * damages growing out of bodily injury". Id. at 51. *Page 10 
 {¶ 28} Thus, the underlying nature of the cause of action, rather than the form of the complaint, determines the proper statute of limitations. The trial court, in rendering a decision, found the holding of the Tenth District Court of Appeals in Duckworth v. Burger King Corp.,159 Ohio App.3d 540, 2005-Ohio-294, persuasive. In Duckworth, similar to the present case, the plaintiff became ill after consuming food that was adulterated. In the complaint, the plaintiff alleged breach of warranties, loss of consortium, respondeat superior, breach of contract, violations of the Pure Food and Drug Act, breach of implied warranty of merchantability, and violations of the Consumer Sales and Practices Act. The court held that the "two-year statute of limitations for personal injury actions in R.C. 2305.10" barred recovery on all causes of action because the underlying nature of the causes of action were for personal injury. Id. at ¶ 16. Consistent with Andrianos, the court held that in order to determine the statute of limitations, courts must look to the "underlying nature of the cause of action" instead of "relying on the form of the complaint." Id; Hambleton v. R.G. Barry Corp. (1984),12 Ohio St.3d 179, 183 ("in determining which limitation period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded"); Peterson v.Teodosio (1973), 34 Ohio St.2d 161, 173 ("The ground of action and the nature of the demand determine which statute of limitation is applicable.").
 {¶ 29} It is also a well-settled rule of statutory construction that "where a statute couched in general terms conflicts with a specific statute on the same subject, the latter must control." State v.Taylor, 113 Ohio St.3d 297, 2007-Ohio-1950, at ¶ 12 (citations omitted);Gibson v. Summers Constr. Co. (1955), 163 Ohio St. 220, 227;Andrianos, 155 Ohio St. at 50; Acme Eng. Co. v. Jones (1948),150 Ohio St. 423, 431. *Page 11 
 {¶ 30} R.C. 2305.10 relates to a specific subject, i.e. actions for bodily injury. Since this statutory provision relates to bodily injury, the specific subject matter involved in the present case, R.C. 2305.10
should be controlling over the general statutory provision which relates to "an action for breach of any contract for sale." R.C. 1302.98(A). Most importantly, the underlying nature of Summers' causes of action are for bodily injury. Thus, the two-year statute of limitations set forth in R.C. 2305.10 is the applicable statute of limitations.
 {¶ 31} Summers' second assignment of error is without merit.
 {¶ 32} For the foregoing reasons, the Judgment Entry of the Trumbull County Court of Common Pleas granting, in part, and denying, in part, Defendant's Motion to Dismiss is affirmed. Costs to be taxed against appellant.
CYNTHIA WESTCOTT RICE, J., concurs, COLLEEN MARY O'TOOLE, J., dissents.
[1] At oral argument, Appellant claims Bora is controlling because like the dog bite statute in Bora, the Pure Food and Drug Act "removed the requirement of knowledge".
[2] The language in Section 11224-1, General Code is nearly identical to the current version of R.C. 2305.10. See Peoples Rights Org, Inc. v.Montgomery (2001), 142 Ohio App.3d 443, 482. *Page 1